### 44892. WAGNER v. HOWELL et al.
(363 SE2d 759)

SMITH, Justice.
This is an appellate practice case arising from the trial court granting the appellees' motion for summary judgment and the appellant's subsequent attempt to appeal from that ruling. We reverse.

The appellant, Hilda Susan Wagner, sued the appellees charging fraud in connection with the probate of her father's will and corporate waste and breach of fiduciary duty in the management of the family corporation.

The appellant filed her notice of appeal on October 10, 1985, after the trial court granted summary judgment to the appellees. The notice of appeal called for the inclusion of the transcript of the evidence and proceedings in the summary judgment hearing. On November 14, 1985, the appellees filed a motion to dismiss the appeal on the ground that the appellant had failed to file a transcript of the evidence.

On November 17, 1985, when appellant's counsel received notice of the motion to dismiss, he checked with the court reporter and found that the court reporter had not filed the transcript with the clerk. The court reporter, in an affidavit, stated that the transcript of the proceeding was completed, but because of her excessive workload, she forgot to file it. The transcript was filed November 18, 1985, six days late.

OCGA § 5-6-41 covers the law regarding the reporting, preparation, and disposition of transcripts in civil cases. OCGA § 5-6-48 covers the law regarding the grounds for dismissal of an appeal. OCGA § 5-6-48 (c) states that the trial court may "[a]fter notice and opportunity for hearing, order that the appeal be dismissed where there has been an *unreasonable delay* in filing of the transcript and it is shown that the delay was *inexcusable* and was caused by such party." (Emphasis supplied.) OCGA § 5-6-48 (f) states, "An appeal *shall not be dismissed* nor *consideration thereof refused* because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of the court unless it *affirmatively appears* from the record that the *failure was caused by the appellant.*" (Emphasis supplied.)

The transcript in issue was completed by the court reporter; however, the court reporter failed to file it in the clerk's office. Under the facts in this case, the six-day delay does not amount to an unreasona-

ble delay in filing nor was it inexcusable. Certainly it does not affirmatively appear from the record that the failure to file was caused by the appellant.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 15, 1988 —
RECONSIDERATION DENIED FEBRUARY 12, 1988.

*Richard L. Roble,* for appellant.

*Decker & Hallman, F. Edwin Hallman, Jr., George E. Powell, Jr., Bondurant, Mixson & Elmore, Emmet J. Bondurant, Jane F. Vehko, Carolyn R. Gorwitz, Kutak, Rock & Campbell, Jo Lanier Meeks,* for appellees.