77072. GLEN RESTAURANTS, INC. v. BUILDING 5
ASSOCIATES, LTD.
(375 SE2d 492)

POPE, Judge.

After a bench trial, a money judgment was entered in favor of appellee Building 5 Associates, Limited. Appellant Glen Restaurants, Inc., filed a timely notice of appeal on March 30, 1987. The record indicates that, on or about the same date, appellant's counsel ordered a transcript of the proceedings from the court reporter by telephone. However, the transcript was not filed within the requisite thirty-day period and appellant did not request an extension of time for filing the transcript. On June 16, 1987, appellee filed a motion to dismiss the appeal. After appellant responded by filing affidavits and a brief, the trial court dismissed the appeal. Glen Restaurants appeals the order dismissing its notice of appeal from the judgment.

1. We have examined the record and find no factual errors recited in the order of dismissal.

2. The trial court may dismiss an appeal for delay in filing the transcript of the record on appeal only upon a finding that the delay was unreasonable and inexcusable. *Young v. Climatrol Southeast Distrib. Corp.,* 237 Ga. 53 (226 SE2d 737) (1976). The trial court's decision on the issue of the unreasonable and inexcusable nature of the delay will be reversed only for abuse of discretion. *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706) (1977).

The record shows the transcript in this case has not yet been pre-

pared due to a backlog in the court reporter's business. However, the record also supports the trial court's finding that appellant made no effort to discover the transcript would not be timely filed so that a timely application for extension of time to file the transcript could be made. While it may not be the fault of the appellant that the transcript was not filed, it was the duty of the appellant to seek an extension of the period for filing the transcript before the period expired. See OCGA §§ 5-6-39 and 42. "[T]he fact that the initial delay in the preparation of the transcript may not have been the fault of the defendant does not excuse the filing delay, in the absence of a proper request by the defendant for an extension of time." *Dampier v. First Bank &c. Co.,* 153 Ga. App. 756, 757 (266 SE2d 539) (1980); see also *In re G. W. H.,* 168 Ga. App. 845 (310 SE2d 573) (1983).

Failure of the appellant to request an extension for the filing of the transcript is not in itself a ground for dismissal of the appeal absent a judicial determination that the resulting delay was both unreasonable and inexcusable. *Young v. Jones,* 147 Ga. App. 65 (2) (248 SE2d 49) (1978). In this case the dismissal was supported by a finding that the delay was unreasonable and inexcusable. Given the four-month delay in filing the transcript and appellant's apparent lack of diligence in discovering that the transcript would be delayed, we find no abuse of the trial court's discretion in finding the delay to be unreasonable and inexcusable. Cf. *Wagner v. Howell,* 257 Ga. 801 (363 SE2d 759) (1988) (where a six-day delay in filing the transcript because the court reporter forgot to file it did not affirmatively appear to be caused by the appellant).

3. The trial court may dismiss an appeal on the grounds set forth in OCGA § 5-6-48 (c) "after notice and opportunity for hearing . . . ." Appellant argues the order dismissing its appeal should be reversed because it was issued without an oral hearing on the motion.

Pursuant to Rule 6.3 of the Uniform Superior Court Rules, with certain specified exceptions, all motions "shall be decided . . . without oral hearing" unless oral argument is requested in writing. A motion to dismiss an appeal is not within the specified exceptions to this rule. Nevertheless, appellant argues that Rule 6.3 is in conflict with the requirement of an "opportunity for hearing" set forth in OCGA § 5-6-48 (c). As this court has held in regard to a hearing on a motion for summary judgment, referred to in OCGA § 9-11-56 (c), all that is required is the opportunity to respond. *Brown v. Shiver,* 183 Ga. App. 207 (2) (358 SE2d 862) (1987); *Dallas Blue Haven Pools v. Taslimi,* 180 Ga. App. 734 (1) (350 SE2d 265) (1986), aff'd, 256 Ga. 739 (354 SE2d 160) (1987). The Georgia Supreme Court found no conflict between the reference to a hearing on a motion for summary judgment in OCGA § 9-11-56 (c) and Rule 6.3. *Kelley v. First Franklin Fin. Corp.,* 256 Ga. 622 (351 SE2d 443) (1987). Likewise, we find no con-

flict between the "opportunity for hearing" on a motion to dismiss, as set forth in OCGA § 5-6-48 (c), and Rule 6.3. The record in this case shows appellant was afforded a full opportunity to respond to its opponent's motion to dismiss. Therefore, the court did not err in granting the motion to dismiss without an oral hearing.

Judgment affirmed. *McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 8, 1988 —
REHEARING DENIED NOVEMBER 18, 1988 —

*Fine & Block, A. J. Block, Jr., Gary M. Goldsmith,* for appellant.
*Sutherland, Asbill & Brennan, Alfred A. Lindseth, Elizabeth C. Boswell,* for appellee.