### 77138. GERDES v. DZIEWINSKI.
(377 SE2d 550)

BENHAM, Judge.

This is an appeal from a judgment that dismissed an appeal on the ground that there had been an unreasonable and inexcusable delay in forwarding the record and transcript to this court. OCGA § 5-6-48 (c). Appellant Gerdes, acting pro se, sued appellee Dziewinski for

personal injuries she suffered while on the premises of Dziewinski's business, Lindview Apartments. See *Gerdes v. Dziewinski*, 182 Ga. App. 764 (357 SE2d 110) (1987). After Gerdes presented her evidence at trial on August 3, 1987, Dziewinski moved for a directed verdict, which the trial court granted. Gerdes timely sought and was given an extension of time in which to file her notice of appeal from the judgment entered against her, and she did so on September 18, 1987. The notice stated that a transcript of the evidence of the trial would be forwarded to the Court of Appeals. On or about September 30, appellant tried to amend her notice of appeal, seeking to limit the items which were to be included in the record. Shortly thereafter, the trial court entered an order finding that the amendment was untimely, since the clerk's office had already prepared the record in its entirety as appellant had originally requested. On December 16, the trial court appeals clerk swore in an affidavit that the record had been prepared, that the appeal costs had been paid by appellant on October 9, 1987, and that the only reason the record had not been forwarded to the Court of Appeals was that no transcript of proceedings had been presented to the clerk's office to be included in the record as stated in appellant's notice of appeal.

After hearing the arguments, considering the briefs, and reviewing all of the material on file in this matter, the trial court concluded that appellant had been informed on multiple occasions, by telephone and by mail, that in order to obtain a transcript of the August 3, 1987, trial proceedings, she must pay the court reporter a takedown fee and a fee for the transcription. As of March 23, 1988, the date of the trial court's dismissal of the appeal, appellant had paid the court reporter's takedown fee but had not paid the transcription costs, and so the case had not been transcribed. Over six months had passed since appellant had filed her notice of appeal. Under the authority of OCGA § 5-6-48 (c), the trial court found that there had been an unreasonable delay in filing the transcript, that the delay was caused by appellant, and that it was inexcusable. The trial court granted appellee's motion and dismissed appellant's appeal.

Appellant contends that communication problems between her and the court reporter kept her from securing the transcript in a timely manner, and that if there was an unreasonable, inexcusable delay, it "was deliberate on the part of someone in or connected with the trial court." In her briefs, appellant has included as exhibits copies of her correspondence with various court personnel which are intended to document her assertions, but since these items are not part of the record before us, we cannot consider them and they afford no basis for reversal. *Strickland v. American Motorists Ins. Co.*, 149 Ga. App. 690 (256 SE2d 92) (1979). The record before us does not show that appellant made any effort to obtain an extension of time in

which to have the transcript prepared. She should have sought such an extension regardless of the reason for her *inability* to have the transcript prepared in a timely fashion. See *In re G. W. H.*, 168 Ga. App. 845 (310 SE2d 573) (1983). Since appellant failed to do so, and there is no other evidence of record showing that others were at fault and thereby caused the filing delay, we find no abuse of the trial court's discretion and affirm the dismissal of appellant's appeal. Id.; *Dampier v. First Bank &c. Co.*, 153 Ga. App. 756 (266 SE2d 539) (1980).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 9, 1989.

Phyllis Gerdes, *pro se.*
*Patricia M. Anagnostakis, Wade K. Copeland*, for appellee.