A89A0508. BAKER v. SOUTHERN RAILWAY COMPANY et al.
(385 SE2d 125)

BIRDSONG, Judge.

This is an appeal from a judgment granting appellee's motion to dismiss an appeal for unreasonable and inexcusable delay in the filing of the transcript.

On December 15, 1987, appellant filed his notice of appeal of the order of the trial court granting appellee railroad a directed verdict. Appellant timely paid to have a transcript prepared by the court reporter who recorded the trial testimony. During either the first or second week of January, 1988, a secretary from the office of appellant's counsel called the court reporter to inquire as to the status of the transcript. Appellant's counsel states that "[a]fter talking to [the court reporter], my secretary informed me that [the court reporter] assured her that the transcript *would* be finished and filed within the next few days and before the expiration of 30 days from the filing of the Notice of Appeal. After having received this information I determined that it would be unnecessary to apply for an extension of time for filing the transcript. Neither I nor anyone [else] in my office was ever contacted by [the court reporter] at any point afterwards and told that she would be unable to file the transcript in time. . . ." (Emphasis supplied.) The court reporter states, "[s]ome time during the first or second week of January, 1988, I received a telephone call from [the] office [of appellant's attorney] asking whether the transcript would shortly be ready and filed with the Court. I answered that I was *presently working on* the transcript and it *should* be completed and filed within two or three days." (Emphasis supplied.)

The court reporter did not complete the transcript and file it within the 30-day period, as her husband experienced cardiac difficulties for which he was hospitalized and operated upon during this time. Appellant's counsel states that he did not learn of the failure to file until after the 30-day period had expired. Thereafter, appellant's counsel claims that he made numerous phone calls and four visits to the court reporter urging completion of the transcript. The transcript was filed 64 days from the date of filing of the notice of appeal; that is, 34 days after the expiration of the 30-day statutory filing period.

Appellant asserts that the trial court erred in granting appellee's motion to dismiss the appeal for appellant's failure to file timely a trial transcript. OCGA § 5-6-48 (c) specifically requires that as a pre-

requisite to the dismissal of an appeal for delay in filing of a transcript, there must have been "an unreasonable delay in the filing . . . and it [must be] shown that the delay was inexcusable and was caused by" the party having responsibility for transcript filing. In this case, the appellant did not direct in his notice of appeal that the transcript would not be made a part of the record. Pursuant to OCGA § 5-6-42, appellant is the party responsible for transcript filing. The trial court specifically found that "the delay in the filing of the transcript was both unreasonable and inexcusable, in that the Plaintiff [appellant] failed to request an extension of time within which to file the transcript."

In passing on the issues of whether the delay was "unreasonable" and "inexcusable," " 'the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. (Cit.)' [Cit.] 'On appellate review the sole test is whether the trial judge abused his discretion in dismissing the appeal. (Cit.)' " *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 578 (373 SE2d 758); compare *Galletta v. Hillcrest &c.*, 185 Ga. App. 20 (1) (363 SE2d 265), cert. denied. Moreover, on appeal we are required to construe the evidence most strongly so as to support the judgment. *Williams v. Perry*, 187 Ga. App. 586 (1) (370 SE2d 836).

We recognize that the court reporter failed to transcribe the trial transcript timely because of the press of family health problems of utmost severity. Nevertheless, "[w]hile it may not be the fault of the appellant that the transcript was not filed, it was the duty of the appellant to seek an extension of the period for filing the transcript before the period expired." *Glen Restaurants v. Bldg. 5 Assoc.*, 189 Ga. App. 327 (375 SE2d 492) (1988). Clearly, "[t]he burden is on the appellant to request an extension. [Cit.] This burden cannot be shifted to the court reporter." *Dunbar v. Green*, 232 Ga. 188, 189 (205 SE2d 854); see *Gerdes v. Dziewinski*, 189 Ga. App. 802 (377 SE2d 550).

Failure of the appellant to request an extension for the filing of the transcript is not per se a ground for dismissal of the appeal absent a judicial determination that the resulting delay was both unreasonable and inexcusable. *Glen Restaurants*, supra. In this case, however, the dismissal was supported by a finding that the delay was both unreasonable and inexcusable.

The evidence of record shows that after directing his secretary to call the court reporter and receiving her report regarding that conversation, appellant's counsel elected to neither make nor direct further inquiries of the court reporter, regarding the status of the transcript, until after the 30-day period had expired. Moreover, appellant's counsel was duly placed on notice by his secretary's report of the phone conversation that the transcript was not fully transcribed as of the

date of that call. We are satisfied that this evidence, coupled with appellant's failure to request an extension of time and the lengthy delay that occurred in the preparation of the transcript, amply supports the findings of the trial judge and affirmatively establishes on the record that the failure to obtain an extension of filing time was caused by the appellant. See OCGA § 5-6-48 (c); *Glen Restaurants*, supra. See also *Hatfield v. Great American Mgmt. &c.*, 190 Ga. App. 534 (2) (379 SE2d 544). Accordingly, we find that the trial court's findings were not erroneous, and that appellant has failed to establish that the trial court abused its discretion.

The cases of *Wagner v. Howell*, 257 Ga. 801 (363 SE2d 759) and *Elliott v. Leathers*, 223 Ga. 497 (156 SE2d 440), cited by appellant, are distinguishable from this case.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 13, 1989 —
REHEARING DENIED JULY 25, 1989 —

*Paul R. Bennett*, for appellant.

*Neely & Player, Edgar A. Neely III, Tami L. Brown, William C. Thompson*, for appellees.