A89A1539. SPEIR v. NICHOLSON et al.
(388 SE2d 42)

POPE, Judge.

Plaintiff Elzie D. Speir, Sr., brought suit against defendants Carol Lea Nicholson and Debra Louise Nicholson Arnold (and others who are no longer parties in this case) alleging that defendants had defaulted on the terms of a contract to pay an amount of money for the purchase of certain assets of Speir Insurance Agency, Inc. The trial court granted a directed verdict in favor of defendants at the conclusion of the jury trial. On August 24, 1988, plaintiff filed a timely notice of appeal. On December 20, 1988, defendants filed a motion to dismiss the appeal on the ground that no transcript had been filed within thirty days as required by OCGA § 5-6-42, nor had the plaintiff requested an extension of time for filing the transcript. Plaintiff responded to the motion to dismiss the appeal by filing the affidavit of plaintiff's attorney stating that he had called the court reporter within thirty days of the judgment and requested the transcript be prepared and that all bills submitted by the court reporter and clerk of the court had been promptly paid. The record shows the transcript was filed on January 20, 1989. Nevertheless, the trial court issued an order on January 25, 1989, reciting that the transcript was never filed and dismissing plaintiff's notice of appeal pursuant to OCGA § 5-6-42. Plaintiff now appeals the order dismissing its original notice of appeal from the directed verdict.

1. "Failure of the appellant to request an extension for the filing of the transcript is not in itself a ground for dismissal of the appeal absent a judicial determination that the resulting delay was both unreasonable and inexcusable. *Young v. Jones*, 147 Ga. App. 65 (2) (248 SE2d 49) (1978)." *Glen Restaurants v. BLDG. 5 Assoc.*, 189 Ga. App. 327, 328 (375 SE2d 492) (1988). In this case, the order dismissing the appeal simply recited that the transcript had not been timely filed but did not include the requisite finding that the resulting delay was both unreasonable and inexcusable. Consequently, we must reverse the order and remand with instruction that a finding be made on the issues of whether the delay was unreasonable and inexcusable.

2. Plaintiff's remaining enumerations of error relate to the propriety of the trial court's order of directed verdict, the subject of plaintiff's original notice of appeal. Since we cannot conclude as a matter

of law that the dismissal of appeal was improper, we need not address the remaining enumerations of error. Those enumerations of error are not properly before us at this time.

*Judgment reversed and case remanded with instructions. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1989.

*Bannister & Black, Charles C. Black,* for appellant.
*Swift, Currie, McGee & Hiers, Jane C. Barwick, James W. Dilz,* for appellees.