S89G0462. BAKER v. SOUTHERN RAILWAY COMPANY et al.

(390 SE2d 576)

CLARKE, Chief Justice.

We granted certiorari in this case to decide whether the trial court was authorized to dismiss the appeal under OCGA § 5-6-48 (c) because of failure to timely file a transcript. OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. OCGA § 5-6-48 provides that the trial court may, after notice and hearing, order an appeal dismissed for a party's failure to timely file a transcript if the delay was 1) unreasonable, 2) inexcusable, and 3) caused by such party.

On December 15, 1987, Baker filed a notice of appeal from the order of the trial court granting a directed verdict for Southern Railway Company. Baker paid for the preparation of a transcript. Approximately one week before expiration of the statutory period provided by OCGA § 5-6-42 for filing the transcript, his attorney's secretary contacted the court reporter. The reporter said that the transcript would be completed within two or three days. Baker did not seek an extension. The court reporter did not timely complete the transcript due to health problems in her family. The transcript was finally filed 34 days late.

The trial court dismissed the appeal pursuant to OCGA § 5-6-48

(c), finding that the delay in the filing of the transcript was unreasonable and was inexcusable because Baker failed to request an extension of time within which to file the transcript. The Court of Appeals, relying primarily upon *Glen Restaurants v. Building 5 Assoc.*, 189 Ga. App. 327 (375 SE2d 492) (1988), and *Hatfield v. Great American Management &c., Inc.*, 190 Ga. App. 534 (379 SE2d 544) (1989), held that the trial court did not abuse its discretion in dismissing the appeal and affirmed. *Baker v. Southern R. Co.*, 192 Ga. App. 444 (385 SE2d 125) (1989).

In *Wagner v. Howell*, 257 Ga. 801 (363 SE2d 759) (1988), we discussed the fact that OCGA § 5-6-48 (c) sets forth three criteria for dismissal of an appeal for failure to timely file a transcript: 1) unreasonable delay which was 2) unexcusable and 3) "caused by such party." We also discussed language in OCGA § 5-6-48 (f) which indicates that the failure of a court reporter to file the transcript will not constitute cause for dismissal "unless it affirmatively appears from the record that the failure was caused by the appellant." In *Wagner* the court reporter filed the transcript six days late. We found that under the facts of the case this did not amount to an unreasonable delay and that it did not affirmatively appear from the record that this delay was caused by the appellant. Therefore, the trial court erred in dismissing the appeal. Restating the rule in *Wagner*, we reiterate our holding that the trial court has discretion to dismiss an appeal for failure to timely file a transcript only if 1) the delay in filing was unreasonable; 2) the failure to timely file was inexcusable in that it was caused by some act of the party responsible for filing the transcript. Any cases in conflict with this rule are hereby overruled.

In the present case the trial court predicated its conclusion of the delay being unreasonable and inexcusable upon the failure of Baker to seek an extension. The trial court did not make a specific finding that the failure to file was caused by Baker. The failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal. The court must find all these conditions before an exercise of discretion is authorized. We remand this case for further action by the trial court in accordance with this opinion.

*Case remanded with direction. Clarke, C. J., Bell, Hunt, JJ., and Judge Robert J. Castellani concur; Smith, P. J., Weltner and Fletcher, JJ., concur specially; Benham, J., not participating.*

FLETCHER, Justice, concurring specially.

I agree that the trial court erred in dismissing the appeal; however, I would reverse rather than remand for further proceedings. Under the undisputed facts, the delay in filing the transcript could

not be construed to be "caused" by Baker. He promptly ordered the transcript and paid for the transcript, and he made reasonable inquiry as to the status of its preparation. He had no control over the court reporter, who was the official court reporter of the trial judge. If Baker had sought an extension of time, it would have been "the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript. . . ." OCGA § 5-6-42. Health problems in the family of the court reporter caused the 34-day late filing in this case, not Baker's failure to seek an order granting an extension of time.

I am authorized to state that Presiding Justice Smith and Justice Weltner join in this special concurrence.

DECIDED APRIL 20, 1990.

*Kelly, Denney, Pease & Allison, Paul R. Bennett,* for appellant.
*Neely & Player, Edgar A. Neely, Jr., Tami Lewis Brown, William C. Thompson,* for appellees.