A90A0632. HOOPER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.
(394 SE2d 798)

BEASLEY, Judge.

The trial court dismissed Hooper's appeal after concluding that there was unreasonable and inexcusable delay in transmitting the record for appeal caused by Hooper's failure to pay costs, file a pauper's affidavit, and timely request a period of extension. The court had granted summary judgment to defendant telephone company in Hooper's suit for personal injury and loss of consortium from his use of defective telephone equipment.

Summary judgment and dismissal were granted on February 21, 1989. Hooper filed his notice of appeal from the judgment on March 1. There was no transcript of the summary judgment hearing and the clerk mailed Hooper's counsel a bill for preparation of the record for transmittal to this Court on March 16. Counsel received it on March 19, a Sunday. More than a month later, on April 24, Hooper moved to extend the time for payment of costs, asserting an inability to pay and that his estranged wife had agreed to make the payment. The motion did not include any supporting affidavits or request to proceed *in forma pauperis*.

On May 8, Southern Bell moved to dismiss the appeal for failure to pay costs. Hooper paid on May 12 and responded to the motion to dismiss on June 15.

1. Hooper contends that the court erred in determining that his eventual payment of costs failed to satisfy the legal requirements and prevent dismissal. He maintains that his notice of appeal, motion for extension of time, and payment of costs acted as a supersedeas removing the trial court's jurisdiction and authority to dismiss the appeal.

An appeal must be decided on the record sent up from the lower court. *Fahrig v. Garrett*, 224 Ga. 817, 818 (2) (165 SE2d 126) (1968), modified in part on other grounds, *Southeastern Plumbing &c. Co. v. Lee*, 232 Ga. 626, 630 (208 SE2d 449) (1974). After an appellant has filed a notice of appeal, his duty as to the record is to pay the costs. See *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983). The trial court may order an appeal dismissed where there has been unreasonable delay in the transmission of the record to the appellate court and the delay was inexcusable and caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence.

However, no appeal shall be dismissed for failure to pay costs if the costs are paid within twenty days of appellant's receipt of notice of the amount of costs. OCGA § 5-6-48 (c).

The trial court does not lose complete jurisdiction in a case by the mere filing of a notice of appeal. See, e.g., *Allied Productions v. Peterson*, 233 Ga. 266, 267 (211 SE2d 123) (1974). The plain language and import of OCGA § 5-6-48 (c) is that the filing of the notice of appeal does not divest the trial court of authority to consider dismissal of an appeal. Otherwise the statutory provision for dismissal would be meaningless. Moreover, "[i]n a civil action the filing of a notice of appeal does not serve as a supersedeas until all costs in the trial court have been paid." *Chappelaer v. Gen. GMC Trucks*, 130 Ga. App. 664 (hn. 1) (204 SE2d 326) (1974); OCGA § 5-6-46 (a).

Likewise appellant's unsupported request for a time extension did not deprive the trial court of its dismissal authority. The granting of such an extension is within the court's discretion. OCGA § 5-6-39 (a). Furthermore, "[a]ny application to any court, justice, or judge for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." OCGA § 5-6-39 (d). Inasmuch as no transcript was involved, compare OCGA § 5-6-42, Hooper under OCGA § 5-6-48 (c) had a period of twenty business days from the time he received his bill of costs in which to pay the amount and not subject his appeal to dismissal for unreasonable and unexcusable delay. Appellant's request for an extension on the basis of inability to pay costs, filed a month after receiving the bill, was untimely.

Neither did the belated payment of costs eliminate the court's authority to determine the reasonableness and excusability of the payment delay, in ruling on dismissal.

2. The trial court did not err in its substantive determination that the delay was both unreasonable and inexcusable. It has been suggested that a delay of over thirty days is prima facie unreasonable and inexcusable. *Continental Inv. Corp. v. Cherry*, 124 Ga. App. 863, 865 (1) (186 SE2d 301) (1971). See also *Jones v. State*, 123 Ga. App. 672 (182 SE2d 190) (1971). Hooper did not pay the costs until seventy-two days after the filing of the notice of appeal and fifty-four days after receipt of the bill for costs. No excuse for the delay was offered other than Hooper's bare allegations of inability to pay and promise of payment by someone else. Compare *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990) involving the untimely filing of a transcript through no fault of appellant. See *Gay v. City of Rome*, 157 Ga. App. 368, 369 (1) (a) (277 SE2d 741) (1981).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 14, 1990.

*Joab L. Kunin*, for appellant.
*Glass, McCullough, Sherrill & Harrold, R. Philip Shinall III*, for appellee.