A90A1482. DEPARTMENT OF HUMAN RESOURCES v. PATTILO.
(397 SE2d 47)

DEEN, Presiding Judge.

This case previously appeared in this court as *Georgia Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990), which this court reversed and remanded with instruction that the trial court make findings of fact to ascertain the reasonableness and excusableness of counsel's delay in timely filing a trial transcript for purposes of appeal. The Georgia Department of Human Resources brings this appeal from the dismissal of its appeal after the trial court made findings of fact and held that the delay was unreasonable and inexcusable. *Held*:

The court below found that one of appellant's counsel telephoned the court reporter in October 1988 requesting preparation of a transcript, and took no further action to assure that it was prepared and filed until after the time for filing had expired. The court further found that the delay was caused by the division of work between two attorneys in the District Attorney's office who were assigned to the case, and that neither had assumed responsibility to assure the timely filing of a transcript or to request an extension of time. The court concluded that the delay was more unreasonable and inexcusable than in *Baker v. Southern R. Co.*, 192 Ga. App. 444 (385 SE2d 125) (1989), remanded, 260 Ga. 115 (390 SE2d 576) (1990), because of the four-month failure to make any effort to secure a transcript and the assumption that a transcript need not be filed until the case was docketed in this court. In *Baker*, the transcript was filed 34 days after the expiration of the statutory filing period, and counsel made no attempt to obtain an extension after his secretary's inquiry determined that the transcript was not fully transcribed because of illness in the court reporter's family.

Appellant argues that the trial court abused its discretion in dismissing the appeal because several telephone calls were made to the court reporter and counsel received assurances that a transcript was being prepared, and that at no time did counsel intentionally delay the proceedings. Counsel for appellant also maintains that the clerk

of court was contacted in writing to assure that the appeal record was complete, and that she relied upon a lack of response as an indication that it was complete.

In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion. *Johnson v. Clements*, 135 Ga. App. 495 (218 SE2d 109) (1975). It is incumbent on appellant to file the transcript "within 30 days after filing of the notice of appeal . . . unless the time is extended as provided in Code Section 5-6-39." OCGA § 5-6-42. OCGA § 5-6-48 (c) sets forth three criteria for dismissal of the appeal for failure to timely file a transcript: (1) unreasonable delay, which was (2)inexcusable and (3) "caused by such party." *Wagner v. Howell*, 257 Ga. 801 (363 SE2d 759) (1988). Unlike *Baker v. Southern R. Co.*, supra, which was remanded to determine if appellant was the cause of the delay, wherein the trial court predicated its conclusion of unreasonable and inexcusable delay upon the failure of Baker to seek an extension, the court in the instant case found that appellant made no effort to discover when the transcript would be timely filed, which was coupled with an assumption by the attorneys in the case that a transcript need not be filed until the case was docketed in this court. The trial court, in essence, found that the delay in filing the transcript was caused by appellant, and we find no abuse of the court's discretion in dismissing the appeal.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, for appellant.

*Bush, Wallace & Craig, Daniel J. Craig*, for appellee.