A90A1715. SPEIR v. NICHOLSON et al.
(401 SE2d 588)

BANKE, Presiding Judge.

This is the second, though undoubtedly not the last, appearance of this case before this court. The appellant sued the two appellees, along with others who are no longer parties to the litigation, seeking to recover an indebtedness they allegedly owed him as the result of their purchase of a business of which he (the appellant) was a creditor. The trial ended with the direction of a verdict in favor of the appellees; and on August 24, 1988, the appellant filed a timely notice of appeal from the judgment entered on that ruling. On December 20, 1988, the appellees moved to dismiss the appeal on the ground that the appellant had neither caused the transcript to be filed within 30 days in accordance with OCGA § 5-6-42 nor obtained an extension of time for such filing in accordance with OCGA § 5-6-39. The transcript was ultimately filed a month later, on January 20, 1989; however, on January 25, 1989, the trial court granted the dismissal motion. Subsequently, in a decision rendered on November 8, 1989, this court reversed that dismissal and remanded the case to the trial court for a determination as to whether the four-month delay in filing the transcript had been both unreasonable and inexcusable. *Speir v. Nicholson*, 193 Ga. App. 444 (388 SE2d 42) (1989). In so doing, we cited *Glen Restaurants v. Bldg. 5 Assoc.*, 189 Ga. App. 327, 328 (375 SE2d 492) (1988), wherein this court had upheld a trial court's determination that a four-month delay in filing a transcript was both unreasonable and inexcusable based on evidence showing that the appellant in that case had "made no effort to discover the transcript would not be timely filed so that a timely application for extension of time to file the transcript could be made." Id. at 328.

In the present case, as in the *Glen Restaurants* case, no attempt was made by the appellant prior to the expiration of the 30-day filing period either to discover from the court reporter whether the transcript would be timely filed or to obtain from the trial court an extension of time for such filing. Citing *Glen Restaurants*, the trial court

therefore dismissed the appeal again on remand, based on the following analysis: "Even assuming that the [appellant] himself was not personally at fault for the delay in filing the transcript (that he timely called the court reporter to order the transcript and paid all bills [for it]), the fact that the initial delay in the preparation of the transcript may not have been the fault of the [appellant] does not excuse the filing delay, in the absence of a proper request by [the appellant] for an extension of time." The present appeal followed. *Held*:

1. Subsequent to the entry of the most recent dismissal order, the Georgia Supreme Court, in *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990), held that a delay in filing a transcript could not be characterized as unreasonable and inexcusable based merely upon the appellant's failure to seek an extension of time for such filing but that the trial court was required to "make a specific finding that the failure to file was caused by [the appellant]." Id. at 116. In so ruling, the Supreme Court expressly cited and implicitly overruled *Glen Restaurants v. Bldg. 5 Assoc.*, supra. It follows that the present case must again be remanded to the trial court, this time for a determination as to whether the delay in filing the transcript was actually "caused by" the appellant's failure, upon ordering the transcript, to ascertain from the court reporter when it would be filed and/or to seek from the trial court an extension of time for such filing. See generally OCGA § 5-6-48 (c & f).

2. As we are again unable to determine from the record whether the original appeal was properly dismissed, we are again unable to reach the merits of the appeal.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 25, 1991.

*Bannister & Black, Charles C. Black*, for appellant.
*Swift, Currie, McGhee & Hiers, Jane C. Barwick, James W. Dilz*, for appellees.