## A91A0362. HALL v. BUSSEY et al.
(408 SE2d 430)

McMURRAY, Presiding Judge.

Harold and Annie Ealy Bussey (plaintiffs) brought an action against Mattie L. Hall (defendant) and alleged that defendant is operating a day care center and that the day care center is a nuisance. The case was tried before a jury and the jury found defendant's activities to be a nuisance. The trial court entered an order permanently enjoining defendant from operating the day care center and defendant filed a timely appeal. However, defendant did not file a trial transcript until over five months after the filing of the notice of appeal. Plaintiffs moved to dismiss the appeal because the trial transcript was not timely filed and because defendant did not obtain an extension of time for filing a trial transcript. The trial court conducted a hearing on the motion to dismiss and later dismissed defendant's appeal, finding the delay in filing a trial transcript "was . . . unreasonable and inexcusable and was . . . caused by the defendant." Defendant appealed to the Supreme Court of Georgia, which transferred this case to this Court. *Held*:

"OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. OCGA § 5-6-48 provides that the trial court may, after notice and hearing, order an appeal dismissed for a party's failure to timely file a transcript if the delay was 1) unreasonable, 2) inexcusable, and 3) caused by such party." *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576). "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion. *Johnson v. Clements*, 135 Ga. App. 495 (218 SE2d 109) (1975)." *Department of Human Resources v. Pattilo*, 196 Ga. App. 778, 779 (397 SE2d 47). However, the "trial court has discretion to dismiss an appeal for failure to timely file a transcript only if 1) the delay in filing was unreasonable; 2) the failure to timely file was inexcusable in that it was caused by some act of the party responsible for filing the transcript." *Baker v. Southern R. Co.*, 260 Ga. 115, 116, supra.

In the case sub judice, a transcript of the hearing on the motion to dismiss defendant's appeal does not appear in the record. However, the trial court's order shows that defendant's appeal was dismissed because of the lack of specific explanation for the over five-month delay in filing a trial transcript. More specifically, the trial court stated that defendant's only excuse for the delay "is that the transcript was promptly ordered, reasonable inquiry as to the status of its preparation was made and the transcript was paid when the bill for the same was submitted." The trial court also cited defendant's failure to ob-

tain an extension of time to file a trial transcript and the consequence of defendant's failure to promptly secure a trial transcript, i.e., the "docketing" of the appeal was delayed and "the dally conduct allowed defendant five (5) months or more to continue activity she was enjoined from carrying out pursuant to a jury verdict." Under these circumstances, we cannot say the trial court abused its discretion in finding that defendant's conduct caused the unreasonable and inexcusable delay in filing the trial transcript. There was no error in the dismissal of defendant's appeal. See *Department of Human Resources v. Pattilo*, 196 Ga. App. 778, 779, supra.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1991 —
RECONSIDERATION DENIED JULY 3, 1991.

*Benjamin Allen,* for appellant.
*Evita A. Paschall,* for appellees.