## A91A0747. EDWARDS v. EVERETT.
### (410 SE2d 205)

CARLEY, Judge.

Appellant-defendant filed a notice of appeal which included the following statement: "The transcript of evidence and proceedings has been ordered and will be filed for inclusion in the record on appeal." The trial court subsequently dismissed the appeal, appellant "having not filed a transcript nor having requested an extension of time in which to file said transcript. . . ." Appellant appeals from the order dismissing her original notice of appeal.

1. " 'Failure of the appellant to request an extension for the filing of the transcript is not in itself a ground for dismissal of the appeal absent a judicial determination that the resulting delay was both unreasonable and inexcusable. [Cit.]' [Cit.] In this case, the order dismissing the appeal simply recited that the transcript had not been timely filed but did not include the requisite finding that the resulting delay was both unreasonable and inexcusable. Consequently, we must reverse the order and remand with instruction that[, if such a transcript exists (but see *Abel v. J.H. Harvey Co.*, 126 Ga. App. 115 (190 SE2d 87) (1972); *Kennedy v. Savannah News-Press*, 122 Ga. App. 175 (176 SE2d 540) (1970)),] a finding be made on the issues of whether the delay was unreasonable and inexcusable." *Speir v. Nicholson*, 193 Ga. App. 444 (1) (388 SE2d 42) (1989). See also *Georgia Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990); *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990).

2. "Since we cannot conclude as a matter of law that the dismissal of appeal was improper, we need not address the remaining enumerations of error. Those enumerations of error are not properly before us at this time." *Speir v. Nicholson*, supra at 444-445 (2).

*Judgment reversed and case remanded with instructions. Banke, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 3, 1991.

*James B. Drew, Jr.*, for appellant.
*Reginald Everett*, pro se.