A91A0976. SELLERS et al. v. NODVIN.
(411 SE2d 723)

ANDREWS, Judge.

This is an appeal from a judgment granting Nodvin's motion to dismiss the appeal for unreasonable and inexcusable delay in the filing of the transcript.

On October 3, 1990, appellants Sellers, Atkinson, Jose and Sellers filed a timely notice of appeal from the trial court's entry of a default judgment as a sanction for their failure to comply with discovery procedures in Nodvin's lawsuit to collect attorney fees. In their notice of appeal, appellants stated: "The transcript of evidence and proceedings will be filed for inclusion in the record on appeal." On December 17, 1990, 45 days after the time for filing the transcript under OCGA § 5-6-42 had expired, Nodvin filed a motion to dismiss the appeal on the basis that appellants had not filed such transcript.

On the afternoon the motion to dismiss was filed, appellants filed the transcript of a July 26, 1990 hearing which had been transcribed on August 20, 1990. The next day, appellants filed a second transcript of a September 24, 1990 hearing, which had been transcribed on September 26, 1990.

The trial court held a hearing on Nodvin's motion to dismiss on December 18, 1990. Appellants offered no explanation for the failure to file the transcripts or to request an extension, but argued that the failure to file had not impeded the resolution of the appeal. The trial judge granted Nodvin's motion and entered an order dismissing the appeal in which he stated that the dismissal was based on the defendants' unreasonable and inexcusable failure to timely file the transcript or to obtain an extension of time for such filing "especially in view of the consistent conduct of Defendants in seeking to delay this case." From this order, appellants filed a second notice of appeal.

Appellants argue that the failure to file the hearing transcripts should not have resulted in dismissal since the transcripts consisted

"merely of arguments of counsel and colloquy between counsel and the trial judge and therefore have no evidentiary value." In this regard, appellants contend that OCGA § 5-6-41 (c) excuses their failure to file since that section refers to appeals which "draw in question the transcript of the evidence and proceedings," and appellants claim such transcripts are not at issue here. We find this argument meritless. Under OCGA § 5-6-42 appellants had the option to omit the transcripts from the record on appeal if they deemed them unnecessary. After electing to include the transcripts, appellants cannot now claim that the documents were useless.

Likewise, we find no merit in Sellers' argument that the trial court abused its discretion in dismissing the appeal. OCGA § 5-6-48 (c) sets forth three criteria for dismissal of an appeal for failure to timely file a transcript: "(1) unreasonable delay, which was (2) inexcusable and (3) 'caused by such party.' *Wagoner v. Howell*, 257 Ga. 801 (363 SE2d 759) (1988)." *Department of Human Resources v. Pattilo*, 196 Ga. App. 778, 779 (397 SE2d 47) (1990). The dismissal was supported by the findings that appellants were responsible for the failure to file the transcript and that their delay was unreasonable and inexcusable. Compare *Baker v. Southern R. Co.*, 192 Ga. App. 444 (385 SE2d 125) (1989), remanded 260 Ga. 115 (390 SE2d 576), vacated 195 Ga. App. 647 (395 SE2d 670) (1990).

Appellants, citing *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20 (363 SE2d 265) (1987), and *American Oil Co. v. McCluskey*, 116 Ga. App. 706 (158 SE2d 431) (1967), rev'd on other grounds, 225 Ga. 63 (165 SE2d 830) (1969), claim that because the record in the case had not been prepared and their failure to file caused neither delay nor prejudice, the dismissal was improper. Despite those cases, they do not change our interpretation of OCGA § 5-6-48 (c) in the instant situation in which the 35-day delay in filing the transcript was solely attributable to appellants. In light of the fact that the delay was solely attributable to appellants, and that no explanation for such delay was offered, the court's finding that the delay was unreasonable was proper.

The evidence supports the findings of the trial judge and we find no abuse of the trial court's discretion in the order dismissing the appeal. Because of this decision, we need not address appellants' remaining enumerations of error. Nodvin's request for an award of damages is denied.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 1, 1991 —
RECONSIDERATION DENIED OCTOBER 21, 1991 — ▮

*Fred L. Cavalli*, for appellants.

*Richard A. Gordon*, for appellee.
*Marvin P. Nodvin*, pro se.