A92A1032. BARMORE et al. v. HIMEBAUGH.
(422 SE2d 255)

BEASLEY, Judge.

This is a continuation of *Barmore v. Himebaugh*, 200 Ga. App. 868 (410 SE2d 46) (1991).

Melissa Barmore and, but for appellee Himebaugh, all other adult relatives of Jolinda Jane Rogers, an incapacitated adult, petitioned to remove Himebaugh as her guardian. In the earlier appeal, the trial court's grant of appellee's motion for summary judgment was reversed. On remand, the case was tried before a jury. On November 21, 1991, the jury returned a verdict granting appellants' petition to remove appellee as guardian, and judgment on the verdict was entered. The next day, November 22, appellee filed a notice of appeal. On January 2, 1992, appellants moved to dismiss the appeal for failure to file a transcript or request an extension of time for doing so within 30 days after filing the notice of appeal, as required by law.

Appellee responded on January 6 and requested an additional 60 days to file the transcript. His attorney's affidavit gave the following reasons for not having requested a transcript: About December 12, he told the court clerk he was not ordering the transcript because he was hopeful the case could be settled and the appeal dismissed, either by agreement or by a hearing during the first week of January 1992 in federal district court; he delayed his request for transcript preparation to save the estate approximately $2,000 in transcription costs in the event the case was settled; after talking with the clerk, he believed this would not delay the appeal because the clerk had other work anyway; he inadvertently did not seek a time extension within 30 days after filing the notice of appeal; when he received a bill for court costs, he was informed by the clerk's personnel that payment was not necessary until the transcript was received; as a result, he intentionally did not pay court costs in excess of $2,000, to further preserve the estate in case of settlement; he did not believe this would delay the appeal, in that during his years of practice in Hall County he never knew of a transcript's being prepared within 30 days after the filing of a notice of appeal. Appellee's offer to settle this case was

ultimately rejected by appellants.

Appellee paid the transcription costs about two weeks before the hearing on the motion, at which the reporter testified she could have prepared the transcript within 30 days if she had been asked to do so. She had not finished the transcript as of the hearing and did not know when she would do so.

The trial court's order recognizes that although OCGA § 5-6-42 requires the appellant to file a transcript within 30 days after the filing of the notice of appeal unless the time is extended, OCGA § 5-6-48 (c) authorizes dismissal for untimely transcript only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such party. *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990).

For the reasons given by appellee's counsel, the trial court found that any delay for failure to file the transcript or request a timely extension was not unreasonable and was excusable. The trial court also noted that appellee could have waited until December 23 to file a notice of appeal, in which case he would not have been required to file the transcript or move for an extension until January 22, twenty days after appellants moved to dismiss the appeal. Being unable to find all three criteria for dismissal, the court denied appellants' motion to dismiss and granted appellee's motion for the 60-day extension.

1. Appellee's motion to dismiss this appeal because of appellants' failure to file an application for interlocutory appeal is denied. There is a right to an independent, direct appeal from the order as a final judgment. See *Gilman Paper Co. v. James*, 235 Ga. 348, 349 (219 SE2d 447) (1975), overruling *McDonald v. Rogers*, 229 Ga. 369, 375 (2) (191 SE2d 844) (1972).

2. *Thomas v. Satterfield*, 169 Ga. App. 432 (313 SE2d 134) (1984), cited by appellants, does not require dismissal. The Supreme Court held in *Baker* that "[t]he failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal." Id. at 116; *Boulden v. Fowler*, 202 Ga. App. 237, 238 (414 SE2d 263) (1991). Conflicting cases were expressly overruled. *Baker*, supra at 116.

"[T]he cause for delay in the processing of the appeal is a fact issue for determination in the trial court." *Southeastern Plumbing Supply Co. v. Lee*, 232 Ga. 626, 629 (4) (208 SE2d 449) (1974). The trial court has a very broad discretion in deciding whether or not to dismiss for delay. *Gay v. City of Rome*, 157 Ga. App. 368, 369 (1a) (277 SE2d 741) (1981); *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97, 100 (1) (210 SE2d 46) (1974). But see *Sellers v. Nodvin*, 262 Ga. 205 (2) (415 SE2d 908) (1992) (holding that the trial court is not authorized to find the delay in filing the transcript to be unreasonable if it did not delay transmission of the record to the appellate court).

Abuse of discretion is not shown.

3. Since appellee's failure to pay court costs was not a ground of appellants' motion to dismiss and was not ruled on by the trial court, that issue is improperly presented. *Scocca v. Wilt*, 241 Ga. 334 (245 SE2d 295) (1978); *Jones v. Monroe Nursing Home*, 149 Ga. App. 582, 583 (1) (254 SE2d 902) (1979).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Joseph A. Griggs, Tyron C. Elliott, Taylor & Harp, John S. Taylor*, for appellants.

*Whitmer & Law, James H. Whitmer, G. Hammond Law III, J. Richardson Brannon*, for appellee.

