A93A1705, A93A1706. BEAVERS v. GILSTRAP; and vice versa.

(435 SE2d 267)

BLACKBURN, Judge.

These appeals arise out of a motor vehicle collision on August 8, 1990, when the automobile driven by Craig Gilstrap struck the rear of the vehicle in which Joann Beavers was a passenger. Beavers commenced this action against Gilstrap to recover for injuries allegedly sustained during the collision.

Prior to the trial, Gilstrap's insurance carrier entered a covenant of settlement for its $15,000 policy limit, but elected to participate in the trial to defend against damages. Following the trial, the jury awarded Beavers $75,000, but the trial court reduced the award by the $15,000 settlement owed by Gilstrap's insurer, $45,000 in stacked uninsured motorist coverage available to Beavers, and $5,000 in PIP benefits Beavers received, thereby arriving at a final judgment for $10,000 plus costs. Beavers appeals from the judgment entered on that verdict, and Gilstrap appeals from the trial court's subsequent order granting post-judgment interest.

1. Following the denial of her motion for new trial, Beavers filed a notice of appeal on December 10, 1992. On January 4, 1993, the trial court entered an order awarding Beavers post-judgment interest because of the failure of Gilstrap's insurer to make a timely and unconditional tender of the settlement payment, and on January 20, the trial court entered another order taxing interest on the judgment.

Several pleadings and orders were filed on February 12, 1993: Beavers filed a request for an extension of time to file a transcript; the trial court granted that extension, nunc pro tunc as of January 20, 1993; in response to Gilstrap's motion to stay the writ of fieri facias for the post-judgment interest, the trial court ordered the Clerk of Court not to issue a writ as earlier provided in the order of January 20, 1993, and then issued another order instructing the Clerk to pay Beavers the amount of interest paid into the court registry; Gilstrap filed his notice of cross-appeal from the order on January 20, 1993; and, Beavers filed a motion to dismiss Gilstrap's cross-appeal. On February 22, 1993, Gilstrap filed a motion to dismiss Beavers' appeal because of the failure to file a transcript timely. The trial court, however, never ruled on either party's motion to dismiss, and both parties have reiterated their motions to dismiss before this court.

Gilstrap contends that Beavers' appeal should be dismissed because the trial transcript was not filed with 30 days of the notice of appeal and Beavers had not timely requested an extension to file the transcript, as required under OCGA §§ 5-6-39 and 5-6-42. In response, Beavers asserts that at the hearing on Gilstrap's motion to dismiss, the trial court acknowledged having failed to act upon a request for extension to file the transcript that had been timely

presented by Beavers, hence the order of February 12, 1993, filed nunc pro tunc as of January 20, 1993. The accuracy of Beavers' assertion, however, appears questionable, inasmuch as Gilstrap's motion to dismiss was not even filed until February 22, 1993, and specifically waived any hearing on the motion.

OCGA § 5-6-48 (c) authorizes dismissal of a party's appeal for failure to file a transcript timely only if the delay was unreasonable, inexcusable, and caused by the party. *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990). Under that Code section, only the trial court has the authority to dismiss an appeal for failure to file a transcript timely. "(T)he cause for delay in the processing of the appeal is a fact issue for determination in the trial court," and in making that determination, the trial court exercises a broad legal discretion which is subject to appellate scrutiny only for abuse. (Citation and punctuation omitted.) *Barmore v. Himebaugh*, 205 Ga. App. 381, 382 (422 SE2d 255) (1992).

In the instant case, the trial court never made the requisite fact determination regarding whether the delay in filing the transcript was unreasonable, inexcusable, and caused by Beavers. Accordingly, the appropriate course of action is to remand the case to the trial court to make that determination and rule on Gilstrap's motion to dismiss. See *Smith v. Ga. Power Co.*, 183 Ga. App. 295 (358 SE2d 879) (1987); *Hosch v. Pickett*, 172 Ga. App. 13 (321 SE2d 777) (1984).

2. Although entitled a "cross-appeal," Gilstrap's appeal actually is an attempted independent appeal from the trial court's subsequent award of post-judgment interest to Beavers. For that reason, his appeal is not subject to dismissal under OCGA § 5-6-38 for not having been filed within 15 days of service of Beavers' notice of appeal.

However, it is apparent that Gilstrap's appeal is from the trial court's award of post-judgment interest which was entered on January 4, 1993, and not the subsequent order of January 20, 1993, which enforced the earlier order. As such, his notice of appeal filed on February 12, 1993, was untimely, requiring dismissal of the appeal. OCGA § 5-6-38; *Jarrard v. Copeland*, 205 Ga. App. 20 (421 SE2d 84) (1992). Gilstrap's claim that his attorney was never served with a copy of the order entered on January 4, 1993, is of no benefit to him, as the requirement of filing a notice of appeal within 30 days of the judgment "can not be dispensed with upon the ground that counsel did not know the order sought to be appealed had been filed." *Cranman Ins. Agency v. Wilson Marine Sales & Svc.*, 147 Ga. App. 590, 591 (249 SE2d 631) (1978); accord *Alexander v. Blackmon*, 129 Ga. App. 214 (1) (199 SE2d 376) (1973).

*Case No. A93A1705 remanded. Case No. A93A1706 dismissed. Pope, C. J., and Birdsong, P. J., concur. Andrews, J., disqualified.*

Decided August 16, 1993.

Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., E. Neil Wester III, for appellant.

Kinney, Kemp, Pickell, Sponcler & Joiner, Bruce A. Kling, Rice, Kreitzer & Winer, Steven W. Kreitzer, for appellee.