## A93A2341. KLEBER v. COBB COUNTY.

(442 SE2d 296)

COOPER, Judge.

Appellant Ronald Kleber appeals from the trial court's order dismissing his appeal from a contempt order for failing to file the transcript of the contempt hearing in a timely manner.

Appellant owns real property in Cobb County, Georgia, zoned single-family residential, which he uses for the storage and restoration of inoperative automobiles. Appellee Cobb County filed a petition for an injunction against appellant seeking to remove four junk vehicles from his property. In July 1990, the trial court issued an order directing appellant to bring his property into compliance with Cobb County's junk car ordinance by removing the four vehicles. When appellant failed to comply, appellee filed a citation for contempt and both parties entered into a consent order providing that appellant would apply for a land-use permit to store and repair junk vehicles on his property. The Board of Commissioners rejected appellant's application for the permit and he was given 60 days to bring his property into compliance with the junk car ordinance. When appellant failed to comply, appellee filed another petition for contempt. In November 1991, the trial court issued a final order, finding appellant was no longer entitled to legal non-conforming use status and permanently enjoining appellant from using the property for the purpose of parking and restoring non-compliance vehicles.

Appellee then filed the instant petition for contempt. After a hearing, the trial court, on October 6, 1992, issued an order finding appellant in wilful contempt of the court's July 1990 and November 1991 orders and ordering him incarcerated until he complied with the court's orders. Appellant filed a notice of appeal the same day. In May 1993, the trial court granted appellee's motion to dismiss the appeal on the ground there had been an unreasonable and inexcusable delay in filing the hearing transcript. This appeal followed.

1. Appellee has moved to transfer this case to the Supreme Court on the ground it is an equity case because appellant is seeking reversal of the order holding him in contempt for violating the permanent injunctions issued in the earlier cases. "Whether an action is an eq-

uity case . . . depends upon the *issue* raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint." (Emphasis in original.) *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). The issue on appeal is whether the trial court erred in dismissing appellant's appeal from the contempt order for failing to file the transcript in a timely manner — an issue of law. Accordingly, jurisdiction over this case lies in this court, and appellee's motion to transfer is denied. See *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

2. Appellant argues the trial court abused its discretion in dismissing the appeal because counsel's failure to file the hearing transcript was not unreasonable nor inexcusable. As noted above, counsel for appellant filed a timely notice of appeal on October 6, 1992. In support of its motion to dismiss the appeal, appellee submitted an affidavit of the court reporter that, as of April 7, 1993, neither appellant nor his attorney had ordered the transcript nor paid its cost. Appellant's counsel, however, testified by affidavit that he recalled telling his secretary in late November 1992 to order the transcript from the court reporter, secure an estimate of its cost, and determine when it would be ready. He did not know preparation of the transcript was conditioned on payment in advance, and he paid promptly when apprised of this. The record reveals that appellant's counsel did file a request for an extension of time to file the transcript on December 21, 1992; however, it was never ruled upon by the trial court. Appellant's counsel's secretary testified by affidavit that she left a message on the court reporter's answering machine in mid-December requesting the transcript, an estimate of its cost, and when it would be ready. The court reporter called back during the secretary's lunch hour and left a message as to the cost and that the transcript would not be available until January. Appellant also submitted an affidavit of the court reporter stating that she did recall a conversation with someone from appellant's counsel's office about the transcript in November 1992. The court reporter also stated that by May 14, 1993, appellant's counsel had ordered the transcript and paid a deposit for it.

"A trial court has the authority to dismiss an appeal 'where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.' OCGA § 5-6-48 (c)." *A. Roberts Corp. v. Roberts*, 207 Ga. App. 663, 664 (428 SE2d 671) (1993). "The trial court has a very broad discretion in deciding whether or not to dismiss for delay. [Cits.]" *Barmore v. Himebaugh*, 205 Ga. App. 381, 382 (2) (422 SE2d 255) (1992).

The evidence supports the trial court's determination that appellant's counsel did not actually order the transcript from the court reporter until May 1993, seven months after the filing of the notice of appeal, and that appellant offered no reason for such delay which was

unreasonable and inexcusable. Moreover, even if we were to assume that counsel's secretary did request the transcript in mid-December, which was already after expiration of the time for filing the transcript, the evidence reveals that appellant's counsel "took no further action to assure that it was prepared and filed until after" appellee had moved to dismiss the appeal five months later. *Dept. of Human Resources v. Patillo*, 196 Ga. App. 778 (397 SE2d 47) (1990) (dismissal upheld where counsel requested transcript but made no inquiry as to its status for four months).

While appellant argues that it was the trial court's responsibility to rule on his request for an extension of time, the trial court did not dismiss the appeal because of appellant's failure to obtain an extension, but due to his unreasonable delay in filing the transcript. Furthermore, the mere fact that appellant filed a motion for an extension did not deprive the trial court of its dismissal authority since it is within the trial court's discretion to grant such an extension. See *Hooper v. Southern Bell Tel. &c. Co.*, 195 Ga. App. 629 (1) (394 SE2d 798) (1990). Moreover, appellant's request for an extension was untimely as it was filed after expiration of the 30-day period for filing the transcript. OCGA §§ 5-6-39 (d); 5-6-42; see also *Hooper*, supra at 630. For the foregoing reasons, we find no abuse of discretion in the trial court's dismissal of appellant's appeal based on appellant's unreasonable and inexcusable delay in ordering the transcript.

3. Appellant also argues that the contempt order in this case and the injunction orders and contempt orders issued against him in the other three cases concerning his violation of the junk car ordinance are void because he was not properly served in the original injunction action.[1] We first note that appellant's notice of appeal in this case appealed only the trial court's order dismissing his appeal from the contempt order. In any event, we do not have the underlying contempt order before us for review since the trial court has dismissed the appeal from that order and our review of this case is confined to the propriety of the trial court's dismissal of that appeal. See *Minor v. Minor*, 173 Ga. App. 428 (327 SE2d 229) (1985). Appellant, however, seeks to have this court review in this appeal not only the contempt order in this case, but judgments against him in three prior cases, none of which are before this court in the instant appeal. Clearly, this court lacks jurisdiction to review the judgments in those cases since appellant has not filed a proper notice of appeal from those orders. See *Banks v. Green*, 205 Ga. App. 589 (423 SE2d 31) (1992).

---

[1] It should be noted that appellant acknowledged in his answer that he was properly served in the instant case.

Moreover, appellant first raised the issue of insufficiency of service of process in the original injunction action when he obtained new counsel who, in June 1993, filed a motion to set aside both the contempt order in this case and the orders issued against appellant in the three prior cases on the ground of improper service in the original action. The trial court has not yet ruled on the motion to set aside, apparently because of the pendency of the instant appeal. Thus, there is nothing for this court to review at the present time since the motion to set aside has not yet been decided and the contempt order itself is not before this court for review. Appellant may seek to appeal this issue once the trial court has ruled on his motion to set aside. See OCGA § 5-6-35 (a) (8).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 15, 1994.

*Daniel L. Britt, Ted B. Herbert*, for appellant.
*Bentley, Bentley & Bentley, Fred D. Bentley, Sr., W. Anthony Moss*, for appellee.