A96A1972. DALTON et al. v. VO.
(480 SE2d 377)

ANDREWS, Chief Judge.

The sole issue raised in this appeal is whether the trial court erred in dismissing Dalton's notice of appeal for failure to file timely a transcript pursuant to OCGA § 5-6-42. Appellants contend the trial court's order does not make the requisite findings of fact under *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990), but instead bases its holding that the delay was unreasonable and inexcusable solely on the fact that no motion for extension of time was filed.

OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of a notice of appeal unless an extension of time is requested as provided by OCGA § 5-6-39. The trial court may, after notice and hearing, order an appeal dismissed for a party's failure to file a transcript on time only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such party. OCGA § 5-6-48; *Baker*, supra at 116. "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (Citations and punctuation omitted.) *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991).

In this case, the trial court's order made no findings of fact beyond stating: "the Plaintiffs/Appellants did not file either the transcript or a Motion for Extension of time . . . within thirty (30) days of the filing of the Notice of Appeal. Since no Motion for Extension of time was filed, the delay in ordering the transcript was unreasonable and inexcusable under OCGA § 5-6-42. . . ."

In *Baker*, the Supreme Court expressly disapproved a dismissal predicated on a finding that the delay was unreasonable and inexcusable because the appellant failed to seek an extension. The Supreme Court held that "[t]he failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal. The court must find all these conditions before an exercise of discretion is authorized." *Baker*, supra at 116. The Supreme Court then remanded the case to the trial court to make the requisite finding that the delay was caused by the appellant. Id. See also *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172 (444 SE2d 359) (1994) (case remanded because trial court failed to rule affirmatively as to whether the unreasonable delay was excusable and who was the

cause of the delay); *Speir v. Nicholson*, 198 Ga. App. 383, 384 (401 SE2d 588) (1991) (case remanded for determination that delay was caused by appellant).

In this case, the trial court did not make the findings of fact necessary to vest it with discretion to dismiss this appeal. *Baker*, supra. There was no finding that the delay was caused by the appellants, and the finding that the delay was unreasonable and inexcusable appears, from the order, to be based solely on the fact that appellants did not move for an extension of time in which to file the transcript, which is not, standing alone, a ground for dismissal. *Baker*, supra at 116; *Barmore v. Himebaugh*, 205 Ga. App. 381, 382 (422 SE2d 255) (1992). As the court did not make the requisite findings that the delay in filing the transcript was unreasonable, inexcusable and caused by the appellants, we remand the case to the trial court for further action in accord with this opinion.

*Judgment vacated and case remanded. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 28, 1997.

*Kenneth J. Rajotte*, for appellants.
*Shur & McDuffie, Brett F. Shur*, for appellee.