### 73738. WILLIAMS v. AETNA CASUALTY & SURETY COMPANY.
(356 SE2d 690)

DEEN, Presiding Judge.

Johnny Williams was granted a discretionary appeal so this court could review the judgment of the court below, in which he was awarded $500 in punitive damages for appellee's failure to pay timely his claim for no-fault insurance benefits.

1. Williams first assigns as error the trial court's grant of appellee's motion in limine which denied him the right to introduce evidence of the insurance company's mishandling of his related workers' compensation claim so that it could provide a gauge for awarding punitive damages.

Williams showed that he was struck by a motor vehicle operated by a fellow employee on June 19, 1985. His employer's workers' compensation and no-fault insurance carrier was Aetna Casualty & Surety Company. The same adjuster handled both claims and, because she failed to pay timely the workers' compensation claim, the State Board of Workers' Compensation entered an order assessing attorney fees against Aetna. As the claim for no-fault benefits was also not timely paid, Williams instituted this action pursuant to the provisions of OCGA § 33-34-6 to recover the benefits, punitive damages, and other penalties. The case was tried solely on the issue of punitive damages. The court granted appellee's motion in limine, which barred appellant from introducing any evidence relating to the appellee's mishandling of his workers' compensation claim.

OCGA § 33-34-6 (c) provides in part that "in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages." Aetna admitted it failed to pay the claim within sixty days, and thus bore the burden of proving that it acted in good faith. OCGA § 24-2-2 provides: "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." The details of the other claim have no bearing on this determination. In *Canal Ins. Co. v. Winge Bros.*, 97 Ga. App. 782 (104 SE2d 525) (1958), this court relied upon *Queen Ins. Co. v. Van Giesen*, 136 Ga. 741, 742 (3) (72 SE 41) (1911), which held that the lower court "did not err in excluding evidence tending to show, that, some five months prior to the burning of the goods covered by the policy sued on, the plaintiff had suffered another loss by fire, in no way connected with the loss which was the subject-matter of the action on trial, and had compromised with the insurance company which had issued a policy on the other goods." "While the loss was purportedly paid in the present case by the same company just prior to the loss sued on, the principle is the same, and it was not error to exclude the evidence dealing with a prior loss." *Canal Ins. Co. v. Winge Bros.*, supra at 784. The evidence in the instant case showed that the workers' compensation case had been resolved prior to the filing of this lawsuit.

Appellant's reliance upon *Moore v. Thompson*, 174 Ga. App. 331 (329 SE2d 914), 255 Ga. 236 (336 SE2d 749) (1985), and *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199) (1979), is misplaced. The former case involved evidence that a defendant drove under the influence of alcohol both before and after the incident giving rise to the

cause of action and was admissible to show wilful and wanton conduct under OCGA § 51-12-5. The latter case involved a claim for punitive damages against a dentist under the same statute. The present case differs from them in that it involves a statutory claim for bad faith in failure to pay a no-fault insurance claim within the statutorily required time. Wilful and wanton conduct is not at issue. The only other case which might be applicable is *Waco Fire &c. Ins. Co. v. Goudeau*, 178 Ga. App. 426 (343 SE2d 131) (1986). In that case, however, there was evidence of a course of dealing with claimants in order to deny them benefits. That situation does not exist in the instant case, as it involves only the slow handling of claims by one of the company's employees. We find no error in the trial court's ruling.

2. Appellant further contends that the trial court erred in denying him the right to opening and concluding argument. As the statute in question, OCGA § 33-34-6 (c), places the burden of proof upon Aetna to prove good faith, the insurance company was entitled to opening and concluding arguments. The court accordingly charged that in this case the burden of proof shifted to the defendant to show that he acted in good faith. No burden of any sort was placed upon the plaintiff.

Although Williams' counsel objected to being denied the right to open and conclude prior to trial, and this objection is noted in the pre-trial order, he failed to make any such objection at trial. "Generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time." *Moody v. Nides Fin. Co.*, 115 Ga. App. 859, 861 (156 SE2d 310, 311) (1967). There is no merit in this enumeration.

3. Appellant's contention that the court below erred in failing to give two of his requests to charge is not properly before this court. OCGA § 5-6-35 (b) requires that "[a]ll appeals taken in cases specified in subsection (a) of this Code section shall be by application in the nature of a petition *enumerating the errors to be urged on appeal* and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, *in addition to the enumeration of errors to be urged*, the need for interlocutory appellate review." (Emphasis supplied.) Therefore, these two additional enumerations will not be considered.

*Judgment affirmed. Birdsong, C. J., Carley, Sognier, and Beasley, JJ., concur. Beasley, J., also concurs specially. McMurray, P. J., Banke, P. J., Pope and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I fully concur in the opinion because I believe the trial court's exercise of discretion in disallowing the evidence in this instance should be honored. "Generally speaking, questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal. [Cit.]" *Georgia American Ins. Co. v. Varnum*, 179 Ga. App. 195, 197 (2) (345 SE2d 863) (1986).

Here the general prohibition contained in OCGA § 24-2-2 constituted a weight against admission. The question was whether it should be allowed as embraced within one of the statute's exceptions. In the trial for punitive damages against the insurer, the nature of the action involved its conduct in the tardy paying of the no-fault insurance benefits. Did this issue, in the words of the statute, "render necessary or proper [the] investigation of . . . conduct" relating to the payment of the workers' compensation benefits accruing under a different policy?

The trial court concluded that it did not, and I could not say its judgment was, as a matter of law, wrong. What it refused to allow was "evidence relating to the delay of payment of the workers' compensation claim." However, the pretrial order also states that "the Court will allow the plaintiff to go into the contents of the workers' compensation file for the purposes of showing that it contains sufficient evidence for the defendant to process the no-fault claim. . . ."

The evidence of the other delay was sought to show aggravation, for the purpose of increasing the amount of the punitive damages. While it might have been relevant, in order to show the employee's general attitude and course of conduct with respect to the handling of Mr. Williams' claims, giving added weight to the enormity of the wrong, it would have created an insoluble dilemma.

If the jury was permitted to learn of the delay in the workers' compensation benefits, it might very well increase the damages in this case to cover that delay, too. Of course, it would be error to penalize the defendant in *this* action for the other delay, because it was not in issue and because it would amount to double recovery of punitive damages since the ALJ had already awarded them.

If, on the other hand, the jury was permitted to learn the whole circumstance, that the other delay resulted in an agreed award of monetary sanctions from the ALJ, there would be a danger that the administrative agency's quasi-judicial pronouncement would influence this jury even if it was not told the amount of that award. Such an outside influence on its deliberations and verdict would be irrelevant and prejudicial. In my opinion the trial court's solution was not error, much less reversible error.

POPE, Judge, dissenting.

I respectfully dissent to Division 1 of the majority opinion.

It has long been recognized in this state that " 'intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. (Cits.)' *Tapley v. Youmans*, 95 Ga. App. 161, 175 (7) (97 SE2d 365) (1957)." *American Game &c. Svc. v. Knighton*, 178 Ga. App. 745, 746-47 (344 SE2d 717) (1986). See also *Seaboard Coastline R. Co. v. Delahunt*, 179 Ga. App. 647 (8) (347 SE2d 627) (1986). Thus, I believe that the evidence of Aetna's failure to timely pay Williams' workers' compensation claim should have been admitted as relevant to the issue of Aetna's good faith under OCGA § 33-34-6 (c). In so holding, I wish to stress that it is not my intention to eviscerate the provisions of OCGA § 24-2-2; however, because both claims arose out of the same accident and were handled in a similar manner by the same claims adjuster at Aetna, I believe the more sagacious course in the case sub judice is to allow admission of the evidence. It is also my opinion that such a course better serves the "clear legislative intent underlying [OCGA § 33-34-6] to provide holders of no-fault insurance policies with a means to encourage prompt disposition of their claims." *Jones v. State Farm Mut. &c. Ins. Co.*, 156 Ga. App. 230, 235 (274 SE2d 623) (1980).

Moreover, I am not persuaded that the authority cited in the majority opinion mandates a different conclusion. In my opinion *Canal Ins. Co. v. Winge Bros.*, 97 Ga. App. 782 (2) (104 SE2d 525) (1958), in which the insurer sought to admit evidence dealing with payments made to the insured on an apparently unconnected prior loss, is both factually and legally inapposite to the present case in which the insured's employee sought to present evidence concerning the insurer's slow payment on a claim arising out of identical facts. And, unlike the majority, I do not believe that the holding in *Canal Ins. Co.* requires us to consider the time at which the workers' compensation claim was resolved as relevant to the issue here under review.

For the foregoing reasons, I would reverse the trial court's ruling on the admissibility of the evidence concerning slow payment on Williams' workers' compensation claim.

I am authorized to state that Presiding Judge Banke, Presiding Judge McMurray and Judge Benham join in this dissent.

DECIDED APRIL 9, 1987 —
REHEARING DENIED APRIL 22, 1987 — 

*Alfred N. Corriere*, for appellant.
*Kenneth B. Hodges, Jr.*, for appellee.