A89A1529. McGUIRT et al. v. LAWRENCE.
A89A1530. LAWRENCE v. STATE OF GEORGIA.
(389 SE2d 2)

BENHAM, Judge.

After receiving severe burns from contact with an electrical transmission line while riding atop a house being moved on a highway, Lawrence sued a large number of persons and governmental entities, finally getting a jury verdict and judgment against the Georgia Public Service Commission (PSC) and its employee McGuirt. In Case No. A89A1529, the PSC and McGuirt appeal the judgment against them, while Lawrence, in Case No. A89A1530, appeals the denial of his motion to dismiss the main appeal.

1. The basis for Lawrence's motion to dismiss the main appeal was that the transcript of the trial was not filed within the 30 days mandated by OCGA § 5-6-42 and that counsel for the PSC and McGuirt did not seek an extension of time to file it pursuant to OCGA § 5-6-39 until after the time for filing had expired. The trial court denied the motion based on its finding that the delay in filing the transcript was not unreasonable and was not caused by appellants. "Failure of the appellant to request an extension for the filing of the transcript is not in itself a ground for dismissal of the appeal absent a judicial determination that the resulting delay was both unreasonable and inexcusable. [Cit.]" *Glen Restaurants v. Bldg. 5 Assoc.*, 189 Ga. App. 327 (2) (375 SE2d 492) (1988). There being no such determination in this case, we find no error in the denial of Lawrence's motion to dismiss the main appeal.

2. As appellee states in his brief, the basis of the liability asserted against the PSC and McGuirt was McGuirt's negligence in failing to stop the moving house because of asserted violations of PSC and Department of Transportation regulations. Specifically, Lawrence asserts that McGuirt should have stopped the house and measured its height and then ensured that the mover of the house was complying with all regulations pertaining to the movement of houses of the size of the one Lawrence was riding. However, the evidence is uncontradicted that McGuirt was not dispatched to the house for the purpose of inspecting the mover's compliance with safety regulations. While there is evidence in the record that McGuirt would have general authority to enforce regulations of other state agencies, the fact is that he was not on duty for that purpose at the time he observed the house being moved prior to the occurrence of Lawrence's injury.

Analogous to the situation in this case would be that of a police

detective who drove behind a car which later caused a collision because it had defective brake lights. If we impose liability on McGuirt and the PSC for failure to enforce laws which were not within the scope of McGuirt's immediate mission, we would be bound to hold the detective and the police force which employed him liable for any injuries suffered by the driver of the car which later ran into the rear end of the car with defective brake lights. While there would unquestionably be liability on the part of someone in that situation, we do not believe it would be the detective, and we do not believe it would be McGuirt and the PSC in the present case. It being apparent that McGuirt did nothing to restrict Lawrence's freedom to protect himself, to expose Lawrence to greater danger than that in which he and his employer placed him, or otherwise to adversely affect Lawrence's position, McGuirt acquired no legal duty to protect Lawrence either from the consequences of his own behavior or from the negligence of others. *Ferguson v. City of Doraville*, 186 Ga. App. 430 (1) (367 SE2d 551) (1988), overruled in part on other grounds, *Vogtle v. Coleman*, 259 Ga. 115 (fn. 8) (376 SE2d 861) (1989). Accordingly, we hold that the trial court erred in denying the motion for directed verdict made by McGuirt and the PSC on the ground that McGuirt had breached no duty to Lawrence.

3. The holding in the preceding division being dispositive of this appeal, McGuirt's and the PSC's other enumerations of error need not be addressed.

*Judgment affirmed in Case No. A89A1530. Judgment reversed in Case No. A89A1529. Birdsong, J., concurs. Deen, P. J., concurs in Division 1 and the judgment.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED NOVEMBER 21, 1989 —

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Roland F. Matson, Charles M. Richards, Senior Assistant Attorneys General*, for McGuirt and State of Ga.

*J. Edward Wall, Jr.*, for Lawrence.