A89A1784, A89A1785. COLLINS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and vice versa.
(391 SE2d 16)

DEEN, Presiding Judge.

Rozzie Collins commenced this action against State Farm Mutual Automobile Insurance Company over PIP benefits and associated

claims, and eventually won a jury verdict for certain past-due benefits, interest, penalty for late payment, and attorney fees. The jury did not award Collins any punitive damages.

Collins filed a notice of appeal on July 20, 1988. No transcript having been filed, and no extension of time for filing having been sought by Collins, State Farm filed a motion to dismiss the appeal on March 16, 1989, almost 8 months after the filing of the notice of appeal. The transcript eventually was filed on April 21, 1989. At the hearing on the motion to dismiss, it was undisputed that the delay in filing the transcript resulted from the court reporter's failure to prepare the transcript. Counsel for Collins, however, admitted that he had never requested an extension of time to file the transcript, and had no explanation for that omission when specifically asked about it by the trial court. The trial court found that the 9-month delay in filing the transcript was unreasonable, but did not consider it inexcusable, since the delay was caused by the court reporter's failure to prepare the transcript. For that reason, the trial court denied State Farm's motion to dismiss.

Case No. A89A1784 is Collins' appeal from the judgment entered on the jury verdict. Case No. A89A1785 is State Farm's cross-appeal from the trial court's denial of its motion to dismiss. *Held:*

1. "While it may not be the fault of the appellant that the transcript was not filed, it was the duty of the appellant to seek an extension of the period for filing the transcript before the period expired. See OCGA §§ 5-6-39 and 42. '(T)he fact that the initial delay in the preparation of the transcript may not have been the fault of the [appellant] does not excuse the filing delay, in the absence of a proper request by the [appellant] for an extension of time.' *Dampier v. First Bank &c. Co.*, 153 Ga. App. 756, 757 (266 SE2d 539) (1980)." *Glen Restaurants v. Bldg. 5 Assoc.*, 189 Ga. App. 327 (375 SE2d 492) (1988). In the instant case, although the transcript was not filed timely because of the court reporter's tardy preparation of it, that reason provided no excuse since Collins failed to request any extension of time for filing of the transcript. The trial court thus erred in finding that the court reporter's failure excused Collins' unreasonably untimely filing of the transcript, and should have granted State Farm's motion to dismiss.

The conclusion is consistent with *McGuirt v. Lawrence*, 193 Ga. App. 611 (389 SE2d 2) (1989), wherein the delay was also found not to be unreasonable. This court in *Dampier* and *Glen Restaurants* held that failure on the part of the court reporter does not excuse a delay in filing the transcript, unless the appellant makes a proper request for an extension of time. Applying that rule in the instant case, the trial court incorrectly excused Collins' late filing of the transcript. Since there is no question that the delay was unreasonable, State

Farm's motion to dismiss should have been granted.

2. The above disposition in Case No. A89A1785 renders Case No. A89A1784 moot.

*Judgment reversed in Case No. A89A1785; Case No. A89A1784 dismissed. Birdsong and Cooper, JJ., concur.*

DECIDED FEBRUARY 8, 1990 —
REHEARING DENIED FEBRUARY 20, 1990 — 

*William Q. Bird,* for appellant.

*Powell, Goldstein, Frazer & Murphy, James W. Hawkins, Jerry B. Blackstock, John T. Sparks,* for appellee.