A89A1784, A89A1785. COLLINS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and vice versa.

(398 SE2d 207)

DEEN, Presiding Judge.

Rozzie Collins sued State Farm Mutual Automobile Insurance Company over PIP benefits and associated claims, and won a jury verdict for past-due benefits, penalty for late payment, and attorney fees, but not for punitive damages. Collins appealed over jury charges and evidentiary rulings regarding punitive damages, and State Farm cross-appealed the trial court's denial of its motion to dismiss the appeal because of Collins's failure to file a transcript timely. In that previous appearance of these cases, this court found that the trial court should have granted State Farm's motion to dismiss. *Collins v. State Farm &c. Ins. Co.*, 194 Ga. App. 556 (391 SE2d 16) (1990). However, the Supreme Court reversed, following its recent holding in *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990). *Collins v. State Farm &c. Ins. Co.*, 260 Ga. 271 (394 SE2d 353) (1990). *Held*:

## Case No. A89A1785

1. The pertinent procedural facts are set forth in *Collins v. State Farm &c. Ins. Co.*, 194 Ga. App. 556, supra, and will not be repeated here. The trial court denied State Farm's motion to dismiss the appeal, finding that the nine-month delay in filing the transcript was the fault of the court reporter, but this court found the court reporter's tardiness no excuse where the appellant failed to request any extension of time for filing the transcript. In *Baker v. Southern R. Co.*, supra at 116, the Supreme Court held that "[t]he failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal." In *Collins v. State Farm &c. Ins. Co.*, 260 Ga. 271, supra, the Supreme Court held that *Baker* controlled the instant case. Accordingly, that judgment of the Supreme Court is made the judgment of this court. We now find no error in the trial court's denial of State Farm's motion to dismiss.

*Case No. A89A1784*

2. Collins contends that the trial court erred in instructing the jury on the principle codified at OCGA § 51-12-5 that punitive damages could not be awarded unless the jury found aggravating circumstances in the action or intention of State Farm, because OCGA § 33-34-6 (c) does not require such and because the jury charge imposed the tort standard for punitive damages in a contract action. In *Insurance Co. of North America v. Smith*, 189 Ga. App. 353, 356 (375 SE2d 866) (1988), this court found no "merit in the argument that the definition in § 51-12-5 does not apply to punitive damages in anything other than tort cases. OCGA § 33-34-6 (c) specifically provides for punitive damages, but does not define the term. Therefore, it was proper for the trial court to use that statutory definition provided in § 51-12-5 in the absence of provisions to the contrary." Similarly, we find no error in the trial court's instruction regarding punitive damages and definition of aggravating circumstances. Our statement in *Williams v. Aetna Cas. &c. Co.*, 182 Ga. App. 684, 686 (356 SE2d 690) (1987) that wilful and wanton conduct under OCGA § 51-12-5 was not at issue in a claim for punitive damages under OCGA § 33-34-6 is not at odds with *Insurance Co. of North America* or this holding. *Williams* did not involve jury instructions on this issue, and correctly pointed out that the standard for awarding punitive damages under OCGA § 33-34-6 (c) differs from the definition of punitive damages at OCGA § 51-12-5.

3. The burden of proof regarding the issue of good faith under OCGA § 33-34-6 (c) lies with the insurer. *Gillem v. MARTA*, 160 Ga. App. 393 (4) (287 SE2d 264) (1981). The record does not bear out Collins' contention that the trial court's jury instructions shifted this burden. The trial court clearly instructed the jury that while Collins had the burden of proof in the action, State Farm had the burden of proof with regard to the good faith/bad faith issue.

4. Collins also contends that the trial court erred in disallowing evidence of State Farm's worldly circumstances on the issue of punitive damages. Under OCGA § 51-12-6, evidence of worldly circumstances is admissible only where a party seeks damages only for injury to peace, happiness or feelings, which was not the case here. *Stepperson, Inc. v. Long*, 256 Ga. 838 (353 SE2d 461) (1987). The statutory provisions regarding punitive damages were appropriately referred to for definitional purposes, as discussed above, and were also applicable in determining whether the evidence of worldly circumstances was admissible in the claim for punitive damages. The trial court did not err in excluding that evidence.

*Judgments affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED OCTOBER 18, 1990. —

*William Q. Bird*, for appellant.
*Powell, Goldstein, Frazer & Murphy, James W. Hawkins, Jerry B. Blackstock, John T. Sparks*, for appellee.