### A91A1305. BOULDEN et al. v. FOWLER.
(414 SE2d 263)

Judge Arnold Shulman.

The appellants, Kathryn and David Boulden, brought suit against the appellee to recover for injuries they had allegedly sustained in a motor vehicle accident. They evidently obtained a jury verdict in the amount of $10,000, following which they filed a motion for new trial which was overruled by the trial court. They then filed a timely notice of appeal. The trial court granted a motion by the appellee to dismiss the appeal on the ground that there had been an unreasonable and inexcusable delay in filing the trial transcript, and the present appeal followed.

The Bouldens filed their notice of appeal from the denial of the motion for new trial on December 15, 1989. On that same date, Mr. Boulden sent a letter to the court reporter confirming a prior telephonic request for preparation of the trial transcript and noting he had been told by the reporter that, "due to a backlog, it would be February or March 1990 before the [transcript] could be prepared for inclusion in the record on appeal." By return letter, the reporter advised the appellants that "in all likelihood it [would] probably be March of 1990 before [he could] get started on the transcript" and that he would not request payment from them until then. On April 10, 1990, the court reporter notified the appellants by mail that he was prepared to commence preparation of the transcript and requested payment from them of half the estimated $1,800 transcription cost. The appellants promptly sent him a check for $900. On May 28, 1990, the court reporter billed them for the remaining balance of $927, which they paid within a week. The transcript was filed on June 8, 1990, some six months after the filing of the notice of appeal. The appellee moved to dismiss the appeal on September 4, 1990. Following a hearing, the trial court granted the motion, concluding that there had been an unreasonable and inexcusable delay in the filing of the transcript as well as an unreasonable and inexcusable failure to obtain an extension of time for the filing of the transcript, and that "[t]he delay in the filing of the transcript and the failure to obtain an extension of time for the filing of the transcript was (sic) caused by the [appellants]."

"[T]he trial court has discretion to dismiss an appeal for failure to timely file a transcript only if (1) the delay in filing was unreasonable; [and] (2) the failure to timely file was inexcusable *in that it was*

*caused by some act of the party responsible for filing the transcript.*" (Emphasis supplied.) *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). In *Baker,* as in the present case, the trial court "predicated its conclusion of the delay being unreasonable and inexcusable upon the failure of [the appellant] to seek an extension." Id. Holding that "[t]he failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal," the Supreme Court remanded the case for a finding as to whether the delay in filing the transcript had been caused by the appellant. Id.

The record before us in the present case leaves no doubt as to whether the delay in filing the transcript was caused by the appellants but establishes beyond dispute that it was attributable to the "backlog" of the court reporter, rather than to any act or omission on the part of the appellants. We accordingly hold that the trial court abused its discretion in dismissing the appeal. Accord *Collins v. State Farm &c. Ins. Co.*, 197 Ga. App. 309 (1) (398 SE2d 207) (1990). Compare *Department of Human Resources v. Patillo*, 196 Ga. App. 778, 779 (397 SE2d 47) (1990) (where there was a failure by the appellant to make any effort to discover when the transcript would be filed, "coupled with an assumption by the attorneys in the case that a transcript need not be filed until the case was docketed in [the appellate] court"; *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991) (where there was no explanation for the five-month delay in filing the transcript, and during that period the appellant was able to continue activity she had been enjoined from carrying out pursuant to a jury verdict).

*Judgment reversed. Carley, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but wish to point out the significance of the second factor taken into account by the trial court, that is, the failure to obtain an extension. This second factor is an important component of a decision to dismiss the appeal. OCGA § 5-6-39 compliance is significant, although it is true that failure to get an extension is not, standing alone, a sufficient basis for dismissal.

The request for an extension plays an important part in the process because it allows the trial court to move the appeal process along or at least to determine at an early stage whether there is a good reason to allow the court reporter more than 30 days for the filing of the transcript, as required by OCGA § 5-6-42. Control of when the transcript is filed must remain in the court or the OCGA § 5-6-42 time limit will be rendered of little effect.

Here, the failure to get an extension *was* caused by appellant, whereas it appears that the delay in transcript filing was *not* caused by appellant, unless we can say that seeking an extension from the judge would have hurried the transcription along.

DECIDED NOVEMBER 26, 1991 —
RECONSIDERATION DENIED DECEMBER 11, 1991 —

*L. David Wolfe & Associates, L. David Wolfe, Susan E. Teaster*, for appellants.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr.*, for appellee.