A93A2580. WELCH et al. v. WELCH et al.
(442 SE2d 857)

COOPER, Judge.

Appellants brought suit against the estates of Cecil and Elwyn Welch alleging they had been virtually adopted by the decedents and thus were entitled to share in the distribution of the decedents' estates. The trial court granted the estates' motion for involuntary dismissal pursuant to OCGA § 9-11-41 (b), and appellants filed a timely notice of appeal. The trial court subsequently granted appellees' motion to dismiss the appeal on the ground there was an unreasonable and inexcusable delay in filing the trial transcript. Appellants appeal from that dismissal.

Appellants filed their notice of appeal from the trial court's order granting the involuntary dismissal on May 27, 1993. Appellants' counsel had previously given the court reporter, who was the official court reporter for the trial judge, a written request for the trial transcript on May 7. At that time, counsel advised the reporter that there were several witnesses he did not need transcribed. The court reporter told appellant she could not begin typing until she received a deposit. On June 2, several days after he filed the notice of appeal, appellants' counsel gave the court reporter a check and her typist began typing immediately. At some later point, counsel for one of the appellees told the court reporter that he wanted the entire transcript transcribed. At

the hearing on the motion to dismiss, the court reporter acknowledged that there was no way she could have had the transcript ready by June 27. She had two trial weeks toward the end of June and, even though her typist was transcribing, she could not pick up the transcript until July. She was aware of the 30-day deadline and knew she needed to complete the transcript as soon as possible. Although she could not remember when, the court reporter told appellants' counsel that "it would be towards the end of July . . . in looking at the transcribing and everything including it, I told you it would take me until the end of July." The court reporter said it would have taken less time had the appellees not wanted the entire transcript because there were seven or eight witnesses which appellant had not needed transcribed. She also said that it had taken longer to transcribe because of the poor acoustics in the courtroom and the fact that several witnesses had slowed them down. She acknowledged that she had told appellants' counsel that she had kept the trial judge apprised about the transcript from the beginning.

Appellants' counsel stated in his place that he had checked with the court reporter numerous times and that he kept thinking the transcript would be ready shortly, but then he learned it could be the end of July or August before it was ready. He acknowledged that he had not specifically discussed the 30-day deadline with the court reporter. He was aware that the transcript had to be filed within 30 days but did not realize that it was his responsibility to file a request for an extension if it was not timely filed. The transcript was due to be filed on June 28, and appellees filed their motion to dismiss on July 21, twenty-three days later. In their response to the motion, appellants requested an extension of time to file the transcript. At the time of the hearing, August 5, both volumes of the transcript were complete, and the court reporter was proofreading the second volume.

The trial court expressly found that it was not appellants' counsel's fault that the transcript was not filed within 30 days. However, relying on *Glen Restaurants v. Bldg. 5 Assoc.*, 189 Ga. App. 327 (375 SE2d 492) (1988), the court found that counsel was not diligent in determining that the transcript would be delayed and had failed to move for an extension of time to file the transcript within the requisite 30-day period; thus, the delay was caused by appellants.

"[T]he trial court has discretion to dismiss an appeal for failure to timely file a transcript only if 1) the delay in filing was unreasonable; [and] 2) the failure to timely file was inexcusable in that it was caused by some act of the party responsible for filing the transcript." *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). Pursuant to OCGA § 5-6-48 (f), "the failure of a court reporter to file the transcript will not constitute cause for dismissal 'unless it affirmatively appears from the record that the failure was caused by the ap-

pellant.' " Id. at 116.

"The record before us in the present case leaves no doubt as to whether the delay in filing the transcript was caused by the appellants but establishes beyond dispute that it was attributable to the 'backlog' of the court reporter [and to appellees' request for additional portions of the transcript as well as problems which arose in typing the transcript], rather than to any act or omission on the part of the appellants." *Boulden v. Fowler*, 202 Ga. App. 237, 238 (414 SE2d 263) (1991). In fact, the trial court specifically found that the delay in filing was not attributable to appellants. Furthermore, the trial court's finding that appellants had not been diligent in determining that there would be a delay is not supported by the record which reveals that appellants' counsel ordered the transcript in a timely manner, made timely payment, and made reasonable inquiry as to the status of its preparation. Although the trial court also relied on the fact that appellants had not specifically discussed the 30-day deadline with the court reporter, the court reporter clearly stated that she knew she needed to complete the transcript as soon as possible, that she was aware of the 30-day deadline, and that the earliest she could complete it was the end of July. Thus, the record does not affirmatively establish that appellants were the cause of the delay. While the failure to obtain an extension pursuant to OCGA § 5-6-39 was caused by appellants, this was not the cause of the delay in filing the transcript. Furthermore, the Supreme Court has held that the failure to obtain an extension, is not, in and of itself, a sufficient basis for dismissal. *Baker*, supra at 116. Moreover, the Supreme Court in *Baker* "expressly cited and implicitly overruled *Glen Restaurants v. Bldg. 5 Assoc.*," to the extent it stands for such a proposition. *Speir v. Nicholson*, 198 Ga. App. 383 (401 SE2d 588) (1991). "We accordingly hold that the trial court abused its discretion in dismissing the appeal." *Boulden*, supra at 238; see also *Collins v. State Farm Mut. Auto. Ins. Co.*, 197 Ga. App. 309 (1) (398 SE2d 207) (1990).

*Judgment reversed. Smith, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

It is a failing of our appellate procedure that a case such as this, where the trial court erroneously dismissed an appeal, cannot be decided on its merits on the first appeal. This would avoid the necessity for the inevitable second appeal and the concomitant costs and delay in finally resolving this case. Nothing is gained, and to the contrary, much is lost. First, the case must be transferred back and forth, adding to the administrative burdens of both courts and requiring a new conforming order to be prepared and entered by the trial court at this juncture. Second, the assets of the estates in question will be depleted

even more as the litigation lumbers on.

Of course, at this stage the record on appeal does not contain the subject transcripts and the complete record in the case. But the case could be transferred to the Supreme Court of Georgia, where it appears jurisdiction of the underlying dispute lies, and the record could be transmitted to it, or called for by it pursuant to OCGA § 5-6-48 (d). Upon its filing, the briefing time would commence. Where jurisdiction lay in this court, a transfer would not even be necessary, and even more time would be saved; the opinion reversing the trial court's dismissal of the appeal could be accompanied by an order requiring the additional record. OCGA § 5-6-48 (d).

Our Appellate Practice Act does not accommodate such a method of more direct and earlier disposition, and thus the more cumbersome process must be used.

DECIDED MARCH 17, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 — ▆▆▆▆▆▆▆▆▆▆

*McFarland & Associates, Bob McFarland,* for appellants.

*Banks & Stubbs, Robert S. Stubbs III, Lipscomb, Johnson, Ashway & Sleister, Michael R. Sleister, Boling, Rice, Bettis, Bottoms & Bagley, Jeff S. Bagley, T. Russell McClelland III,* for appellees.