**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 19, 2017**

# In the Court of Appeals of Georgia

A17A0525, A17A0847. GORDON et al. v. DENNIS; and vice versa.

McFADDEN, Presiding Judge.

These related appeals concern Tracy E. Dennis's dental malpractice action against Chanda M. Gordon, DDS, and Pain Away Dentistry, LLC. After a jury trial, the trial court entered judgment on a jury verdict in favor of the defendants, and the trial court denied Dennis's motion for new trial. Dennis appeals from that ruling in Case No. A17A0847. Gordon and Pain Away Dentistry filed a motion in the trial court to dismiss Dennis's appeal, and the trial court denied their motion. Gordon and Pain Away Dentistry appeal from that ruling in Case No. A17A0525. Because the trial court denied the motion to dismiss the appeal without making the necessary findings of fact, we vacate the order in Case No. A17A0525 and remand that case for

further proceedings consistent with this opinion. Consequently, we dismiss without prejudice the appeal in Case No. A17A0847.

1. *Case No. A17A0525 — Denial of motion to dismiss appeal.*

On March 16, 2016, Dennis filed a timely notice of appeal. As the appellant, Dennis had the responsibility to assure that the appellate record was timely prepared and transmitted to this court. See *Long v. Midway*, 251 Ga. 364 (306 SE2d 639) (1983). As to most of the record, that simply entailed timely paying the clerk's bill for the cost of preparing it. See OCGA § 5-6-41 (c); *Long v. Midway*, supra. But as to the transcript, that duty entailed contacting the court reporter, making the necessary arrangements to have the transcript prepared and filed with the trial court, and securing an extension from the trial court if the court reporter would not be able to complete the transcript within the statutory 30-day deadline. See OCGA § 5-6-42 (an appellant shall cause the transcript "to be filed within 30 days after filing the notice of appeal . . . unless the time is extended as provided in Code Section 5-6-39"); *Durden v. Griffin*, 270 Ga. 293, 294 (1) (509 SE2d 54) (1998) (finding appellants did not meet their obligation under OCGA § 5-6-42 of causing the transcript to be prepared, where they did not timely order a transcript or make financial arrangements with the court reporter); *Long v. Midway*, supra ("The preparation of the transcript of

2

evidence and proceedings, as opposed to the record, is the responsibility of the appellant or, if he desires inclusion of material omitted by appellant, the appellee.") (citations omitted).

On May 9, 2016, Gordon and Pain Away Dentistry filed their motion to dismiss the appeal. They argued that the trial court should dismiss the appeal because Dennis had unreasonably and inexcusably caused a delay in the filing of the transcript from the October 2015 trial. They noted in their motion that Dennis had not timely sought an extension to file the transcript. In her responsive brief, Dennis described her efforts to obtain a transcript and asked for a 60-day extension to file the transcript.

The trial court held a hearing on the motion to dismiss on August 23, 2016, at which all of the parties presented arguments for and against dismissal and Dennis again asked for an extension. At the end of the hearing, the trial court took the issue under advisement. Subsequently, the trial court entered an order that stated, in its entirety:

> The above-styled case is before the Court on Defendants' Motion to Dismiss Appeal. After considering the entire record in this case, the Court hereby **denies** Defendants' Motion. The Court further orders that Plaintiff's motion for an extension of time to file transcript is **granted**. The Plaintiff has until September 30, 2016 to file the transcript.

(Emphasis in original.) (The transcript has since been filed and is part of the appellate record in Case No. A17A0847.)

Gordon and Pain Away Dentistry appeal from this ruling, arguing among other things that this summary order is deficient as a matter of law because it does not contain the necessary factual findings. We agree. Under OCGA § 5-6-48 (c), "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." In making this decision, the trial court must

> determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then . . . exercise discretion in deciding whether to dismiss the appeal. Although we review the trial court's decision for an abuse of discretion, the trial court must make findings on these issues before we may determine whether its discretion was abused.

*Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194, 195 (757 SE2d 661) (2014) (citations and punctuation omitted). Here, the trial court did not make findings on these issues. Instead, the trial court "summarily dismissed the notice of appeal." Id. at 196. Compare *Callaway v. Garner*, 340 Ga. App. 176, 180-181 (1) (796 SE2d 906) (2017)

4

(finding that trial court made sufficient findings of fact to demonstrate that it considered the relevant statutory factors, although it did not use the statutory words).

Despite enumerating this failure as error and stating in their brief that the trial court's order "must be reversed and remanded with instruction," Gordon and Pain Away Dentistry argue that in the interest of judicial economy we should nevertheless decide the merits of the trial court's denial of their motion to dismiss. For her part, Dennis also urges us to decide the merits of that denial in this appeal. We cannot do so. The trial court's "[f]ailure to make [the necessary] findings *mandates* that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues." *Postell*, supra at 195 (citations omitted; emphasis supplied). Accord *Temple v. Hillegass*, 340 Ga. App. 189, 190 (796 SE2d 899) (2017); *Rogers v. Norris*, 262 Ga. App. 857-858 (1) (586 SE2d 747) (2003). Simply put, the trial court, in her summary order, "did not make the findings of fact necessary to vest [her] with discretion to dismiss the appeal. Because the trial court had no discretion to dismiss the appeal, we vacate the dismissal order and remand the case for further action in accord with this opinion." *Postell*, supra at 196 (citations and punctuation omitted).

2. *A17A0847 — Denial of motion for new trial.*

5

"In view of our holding in Case No. [A17A0525], the appeal in Case No. [A17A0847] is premature and must be dismissed. If on remand of Case No. [A17A0525] the trial court [again] determines that the appeal should [be] allowed, [Dennis] shall have 30 days to appeal the issues raised in Case No. [A17A0847]." *Grant v. Kooby*, 310 Ga. App. 483, 487 (713 SE2d 685) (2011) (citations omitted).

*Judgment vacated and case remanded in Case No. A17A0525. Appeal dismissed in Case No. A17A0847. Branch and Bethel, JJ., concur.*