**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 20, 2018**

# In the Court of Appeals of Georgia

A18A1363. GORDON et al. v. DENNIS.

BARNES, Presiding Judge.

This is the second appearance of this case before this Court arising out of a dental malpractice action that Tracy E. Dennis brought against Chanda M. Gordon, DDS, and Pain Away Dentistry, LLC (collectively, "Gordon"), which resulted in a jury verdict in favor of Gordon. Dennis appealed the denial of her motion for new trial, but Gordon filed a motion to dismiss the appeal on the basis that the trial transcript had not been timely filed. The trial court denied Gordon's motion to dismiss the appeal; however, in *Gordon v. Dennis*, 341 Ga. App. 795, 795-797 (1) (802 SE2d 77) (2017) ("*Gordon I*"), we vacated the trial court's order because it did not contain the necessary findings of fact and remanded for further action consistent with the opinion. On remand, the trial court entered a new order containing findings

of fact and conclusions of law that again denied Gordon's motion to dismiss Dennis's appeal. Gordon now appeals from that new order.[1] Discerning no abuse of discretion by the trial court, we affirm.

The record, construed in favor of the trial court's ruling, reflects that Dennis filed a dental malpractice action against Gordon, and it was tried before a jury in October 2015. The jury returned a verdict in favor of Gordon, and the trial court entered judgment on the verdict on October 13, 2015. On October 29, 2015, Dennis's counsel emailed the court reporter to order a transcript of the trial after receiving an estimate of the costs associated with the preparation of the transcript. The following day, Dennis's counsel spoke with the court reporter regarding the request for the transcript, and the reporter informed counsel that she had three trials ahead of counsel's request and was currently working on an eight-day jury trial. Dennis's counsel told the court reporter that she likely would be filing a motion for new trial and thus "did not need a rush on the transcript."

---

[1] In a separate appeal addressing the substantive merits of the case, Dennis challenges the trial court's denial of her motion for new trial. See *Dennis v. Gordon*, Case No. A18A1517. That appeal has been docketed to the August 2018 term of this Court. See OCGA §§ 15-2-4 (b), (c), 15-3-2; Court of Appeals Rule 12.

Dennis filed a motion for new trial, which the trial court denied on February 18, 2016. Dennis then filed a timely notice of appeal from the trial court's order denying her motion for new trial on March 16, 2016. Following the denial of the motion for new trial, Dennis's counsel again contacted the court reporter regarding the preparation of the transcript.

The trial transcript was due to be filed by April 15, 2016, see OCGA § 5-6-42,[2] but it was not filed by that date. Dennis's counsel contacted the court reporter in April 2016 and reiterated that she had filed an appeal in the case, and counsel contacted the reporter again in May 2016 to inquire why the transcript still had not been filed. The court reporter indicated that it was because she "had not received payment," and she forwarded Dennis's counsel the final estimate of costs associated with the preparation of the transcript. The court reporter's practice was not to begin work on preparing a transcript until she had been paid, but the reporter could not recall having had any prior discussions with Dennis's counsel in which she explained to her the "logistics"

---

[2] OCGA § 5-6-42 provides in relevant part:
Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed. . . within 30 days after filing of the notice of appeal . . . , unless the time is extended as provided in Code Section 5-6-39.

3

of her preparation of the transcript, although counsel had asked the court reporter for that information when she initially contacted the reporter in October 2015. After the court reporter provided Dennis's counsel with a final estimate of costs that had to be paid before she would prepare the transcript, Dennis's counsel paid the fees. The court reporter indicated, however, that she still had several trials ahead of counsel's request.

Gordon filed a motion to dismiss the appeal on the basis that the transcript had not been filed and Dennis had not sought an extension of time to file the transcript. In her response to Gordon's motion to dismiss the appeal, Dennis contended that the delay was not unreasonable, inexcusable, or caused by her and requested a 60-day extension for filing the transcript. Dennis's counsel submitted an affidavit with exhibits in which she described her efforts made to obtain the transcript from the court reporter and her payment of the fees associated with preparation of the transcript. The trial court conducted a hearing on the motion to dismiss the appeal, during which Dennis's counsel stated in her place that she had contacted the court reporter at least three more times since payment of the transcription fees to inquire about the transcript, but that the reporter had been on vacation at one point and "still had a transcript ahead of mine." Following the hearing, on August 26, 2016, the trial

4

court denied Gordon's motion to dismiss the appeal in a summary order and granted Dennis an extension until September 30, 2016 to file the trial transcript.

Dennis's counsel informed the court reporter of the extension of time provided by the trial court, and the reporter initial indicated that she could meet that deadline. However, on September 29, 2016, Dennis's counsel moved for an additional extension of time to file the trial transcript because the court reporter had not yet completed it. Dennis's counsel submitted an affidavit with exhibits, including an email from the court reporter stating that she was currently taking down a lengthy wrongful death medical malpractice trial, could not meet the September 30th deadline, and would need another extension of time. Ultimately, before the trial court ruled on the motion for an extension of time, the transcript was filed with the court on November 15, 2016.

Gordon appealed the trial court's denial of her motion to dismiss Dennis's appeal. Gordon's appeal of the trial court's denial of her motion to dismiss was considered together with Dennis's related appeal of the trial court's denial of her motion for new trial in *Gordon I*, 341 Ga. App. 795. In that case, we vacated the trial court's order denying Gordon's motion to dismiss the appeal because it did not contain findings of fact and remanded for further action consistent with the opinion.

See id. at 795-797 (1). In light of that ruling, we dismissed Dennis's appeal of the trial court's denial of her motion for new trial on the grounds that it was premature and could be re-filed, contingent on the outcome on remand. See id. at 797-798 (2).

Following remand, the trial court entered a detailed order containing findings of fact and conclusions of law that denied Gordon's motion to dismiss Dennis's appeal. The trial court found that Gordon had failed to carry her burden of showing that the delay in the filing of the transcript was unreasonable, inexcusable, and caused by Dennis. In so ruling, the trial court noted that the delay in the filing of the transcript was presumptively unreasonable and inexcusable, but the court found that Dennis had rebutted that presumption. This appeal by Gordon followed.

1. Gordon contends that the trial court abused its discretion in denying her motion to dismiss the appeal because the uncontroverted evidence showed that the delay in the filing of the transcript was unreasonable, inexcusable, and caused by Dennis. Gordon emphasizes that a presumption arose that the delay was unreasonable and inexcusable, and she maintains that Dennis failed to overcome that presumption. We conclude, however, that because there was some evidence that the delay in the filing of the transcript was excusable and not caused by Dennis, the trial court did not abuse its discretion in denying Gordon's motion to dismiss the appeal.

6

In relevant part, OCGA § 5-6-48 (c) provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." Thus, the party seeking dismissal for failure to file a transcript must show that the delay was unreasonable, inexcusable, and caused by the appellants themselves.

(Citation and punctuation omitted.) *ACCC Ins. Co. v. Pizza Hut of America*, 314 Ga. App. 655, 657 (725 SE2d 767) (2012). A trial court is afforded broad discretion in deciding whether to dismiss an appeal under OCGA § 5-6-48 (c), but the court can exercise its discretion only if it finds that *all* of the aforementioned criteria have been met. See *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990); *Alpha Balanced Fund v. Irongate Performance Fund*, 342 Ga. App. 93, 95 (802 SE2d 357) (2017); *Allan v. Jefferson Lakeside*, 333 Ga. App. 222, 223 (1) (775 SE2d 763) (2015) (whole court).

"A delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation and punctuation omitted.) *Kelly v. Dawson County*, 282 Ga. 189, 189 (646 SE2d 53)

7

(2007). The presumption that the delay was inexcusable can be rebutted by evidence

that the delay was not caused by the appellant. See *Allan*, 333 Ga. App. at 223 (1);

*Brandendburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 44 (555 SE2d 508) (2001).

"Appellants are not accountable for delays caused by clerks of court or court reporters

after the transcript has been ordered properly; appellants are held accountable only

for delays that they cause." (Citations omitted.) *Crown Diamond Co. v. N.Y. Diamond

Corp.*, 242 Ga. App. 674, 676 (2) (530 SE2d 800) (2000). Thus, for example, a delay

in the filing of a transcript is excusable when there is evidence that it was caused by

the "backlog" of the court reporter rather than by an act or omission of the appellant.

See *Welch v. Welch*, 212 Ga. App. 667, 669 (442 SE2d 857) (1994); *Boulden v.

Fowler*, 202 Ga. App. 237, 238 (414 SE2d 263) (1991).[3] That is the situation here.

---

[3] As we have pointed out:
> True, the statutory duty to file timely a transcript does not rest with the court reporter. But it is also likewise true that pursuant to OCGA § 5-6-48 (f), the failure of a court reporter to timely file the transcript will not constitute cause for dismissal unless it affirmatively appears from the record that the failure was caused by the appellant.

(Citations and punctuation omitted.) *Alpha Balanced Fund*, 342 Ga. App. at 96.

Dennis's counsel submitted an affidavit with exhibits[4] reflecting that she contacted the court reporter to order the trial transcript shortly after judgment was entered on the jury's verdict, and the reporter responded that she had three trials ahead of counsel's request and was currently working on an eight-day jury trial. Following the denial of the motion for new trial, counsel contacted the court reporter about the transcript on several occasions and paid the final estimate of costs associated with the preparation of the transcript once it was provided to her, but the reporter indicated that she still had several trials ahead of counsel's request. Moreover, after Dennis's counsel obtained an extension of time from the trial court until September 30, 2016, the court reporter emailed counsel that she did not have

---

[4] Gordon did not object to the affidavits and exhibits submitted by Dennis in this case. Hence, as the trial court noted in its order, Gordon waived any objection to the affidavits and exhibits on hearsay or authentication grounds. See OCGA § 24-8-802 (stating in part that "if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible"); *Tselios v. Sarsour*, 341 Ga. App. 471, 474, n. 3 (800 SE2d 636) (2017) (appellant waived authentication objection to exhibit by failing to object in trial court); *Mashburn Constr. v. CharterBank*, 340 Ga. App. 580, 583 (2) (798 SE2d 251) (2017) (appellant waived hearsay objection to exhibit attached to affidavit by failing to object in court below); *Shuford v. Aames Plumbing & Heating*, 327 Ga. App. 844, 847 (1) (761 SE2d 395) (2014) (appellant waived objections to affidavit on grounds of hearsay and lack of foundation by failing to object in trial court).

time to complete the transcript by that deadline because of her involvement in a lengthy medical malpractice jury trial.

Given this record, there was some evidence, when construed in favor of the trial court's ruling, that the delay in the filing of the transcript was caused by the backlog of the court reporter and, therefore, was excusable and not caused by Dennis. Consequently, the trial court did not abuse its discretion in denying Gordon's motion to dismiss the appeal under OCGA § 5-6-48 (c). See *Welch*, 212 Ga. App. at 669 (trial court abused its discretion dismissing appeal, where evidence showed that delay was caused by "backlog" of court reporter); *Boulden*, 202 Ga. App. at 238 (trial court abused its discretion in dismissing appeal, where evidence showed that delay "was attributable to the 'backlog' of the court reporter, rather than to any act or omission on the part of the appellants"). See also *Wagner v. Howell*, 257 Ga. 801, 801 (363 SE2d 759) (1988) (trial court abused its discretion in dismissing appeal, where evidence showed that delay was caused by court reporter forgetting to file transcript in clerk's office because of her "excessive workload"); *Alpha Balanced Fund*, 342 Ga. App. at 96-97 (trial court did not abuse its discretion in denying motion to dismiss appeal, where there was evidence that delay in electronic filing of transcript was caused by the "[court reporter's] glitch" or a "system glitch"); *Allan*, 333 Ga.

10

App. at 223-225 (1) (trial court abused its discretion in dismissing appeal, where evidence showed that delay in filing of transcript was not caused by appellant, but rather was result of assurances provided to appellant's counsel by court reporter and inaccurate information provided to counsel by clerk of court); *Brandendburg*, 252 Ga. App. at 44 (trial court did not abuse its discretion in denying motion to dismiss appeal, where court "found the delay was excusable because it appeared to have been caused by the insurance carrier rather than the party").

Gordon maintains that the uncontroverted evidence showed that the delay in the filing of the transcript was inexcusable and caused by Dennis because the court reporter required payment of the estimated fees associated with the transcript before she would begin preparing it, and Dennis's counsel did not pay the fees until June 13, 2016, which was more than 60 days after the expiration of the deadline for filing the transcript imposed by OCGA § 5-6-42. However, the trial court found that emails in the record reflected that there was "a state of complete confusion as to the logistics of ordering the preparation of the transcript," and that Dennis's counsel paid the estimate fees once the court reporter made clear that advance payment of the full estimated cost was required before she would begin preparation of the transcript. The trial court further found that even after Dennis's counsel paid the full estimated cost

11

of the transcript, the court reporter still took five additional months to complete the transcript.

There was some evidence in the record to support these findings of the trial court. An email from the court reporter, which was submitted by Gordon in support of her motion, indicated that the reporter was unsure whether she explained to Dennis's counsel the "logistics" of her preparation of the transcript in their initial contacts in October 2015, even though counsel had requested that information from her. The court reporter further stated in the email that in May 2016, Dennis's counsel inquired about why the transcript had not yet been filed, and the reporter responded that she "had not received payment" and resent her invoice to counsel, after which counsel said that she would overnight the fees to the reporter. This email supported the trial court's finding that there was some confusion about the logistics of the court reporter's preparation of the transcript and that Dennis's counsel paid the estimated fees once the reporter made clear that advance payment in full was required. Furthermore, Dennis's counsel averred in her affidavit that even after she paid the estimated fees, the court reporter indicated that she still had "several trials ahead of [her] request," and the court reporter later indicated in an email to counsel that she needed an extension until November 15, 2016 to complete the transcript because of

her involvement with a lengthy jury trial. Accordingly, there was evidence to support the trial court's finding that the delays in the filing of the transcript were not attributable to Dennis or her counsel, but rather to communication problems and delays of the court reporter. See *Allan*, 333 Ga. App. at 223-225 (1) (trial court abused its discretion in dismissing appeal, where evidence showed that delay in filing of transcript was attributable to miscommunication of court reporter and clerk of court with appellant's counsel).

Gordon further contends that the delay in the filing of the transcript was inexcusable and caused by Dennis because her counsel did not request an extension of time for filing the transcript within the initial 30-day period for filing the transcript, as required by OCGA §§ 5-6-39 (d) and 5-6-42. Gordon also emphasizes that the trial court's grant of Dennis's untimely motion for an extension of time until September 30, 2016 was "nugatory and void." See *ACCC Ins. Co.*, 314 Ga. App. at 658, quoting *Almond v. Robertson*, 138 Ga. App. 22, 23 (225 SE2d 486) (1976) (concluding that because appellant applied for extension of time to file transcript after the initial filing period expired, trial court's grant of the motion was "nugatory and void"). But, the trial court's previous order granting the extension of time (which was the same order in which the trial court originally denied Gordon's motion to dismiss the appeal) was

13

vacated by this Court in *Gordon I*, 341 Ga. App. at 797 (1). Thus, any error in that order has been rendered moot. And, the failure to timely obtain an extension of time "is not, in and of itself, a sufficient basis for dismissal," and a trial court may find that a failure to timely move for an extension was not the cause of the delay in the filing of the transcript. *Welch*, 212 Ga. App. at 669. See also *Baker*, 260 Ga. at 116 ("The failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal."). Consequently, Gordon's contentions regarding Dennis's untimely motion for an extension of time do not provide a persuasive basis for reversal.

For these combined reasons, the trial court acted within its discretion in finding that the delay in the filing of the transcript was not inexcusable in that it was not caused by Dennis and therefore in denying Gordon's motion to dismiss the appeal under OCGA § 5-6-48 (c).

2. Gordon also argues that the trial court abused its discretion by impermissibly shifting the burden of proof to her to prove that the delay in this case was unreasonable, inexcusable, and caused by Dennis. Gordon emphasizes that because Dennis failed to file the transcript within the 30-day statutory period for the filing, see

14

OCGA § 5-6-42, the delay was presumptively unreasonable and inexcusable. See

*Kelly*, 282 Ga. at 189.

We discern no error. The trial court expressly stated that the delay in the filing

of the transcript was presumptively unreasonable and inexcusable but found that

Dennis had rebutted the presumption. That presumption having been rebutted, the

trial court further concluded that Gordon had failed to discharge her burden of

proving that the delay was unreasonable and inexcusable.

The trial court's application of the legal standard was correct. As our Supreme

Court has explained:

> Concerning the effect of a presumption on the burden of proof, the rule, generally, is that while a presumption operating in favor of the party having the ultimate burden of persuasion requires the opposing party to go forward with evidence rebutting the presumption, it does not shift the original burden of persuasion. That burden remains with the party upon whom it was originally cast.

(Footnotes omitted.) *Miller v. Miller*, 258 Ga. 168, 169 (2) (366 SE2d 682) (1988).

See *Horton v. Hendrix*, 291 Ga. App. 416, 418 (1) (a) (662 SE2d 227) (2008) (if a

presumption arises under Georgia civil law, *"the burden of going forward with the*

*evidence* shifts to the other party," but "the burden being shifted to the other party is

15

the burden to produce evidence rebutting the presumption . . . ; it is *not* the ultimate

burden of persuasion, which never shifts from the party asserting the claim") (citation

and punctuation omitted; emphasis in original). As such, the trial court did not err in

concluding that the ultimate burden of persuasion regarding whether the delay was

unreasonable and inexcusable remained with Gordon.[5]

> *Judgment affirmed. McMillian and Reese, JJ., concur*.

---

[5] Gordon also contends that the trial court erred in finding that she had failed to prove that she was prejudiced by the delay. However, the issue of prejudice pertains to whether the delay in the filing of the transcript was unreasonable, see *ACCC Ins. Co.*, 314 Ga. App. at 658, and whether the delay was "unreasonable is a separate matter from the issue of whether such a delay [was] inexcusable." (Citation and punctuation omitted.) *In the Interest of D. J. F.*, 269 Ga. App. 783, 785 (1) (605 SE2d 407) (2004). And, an appeal can be dismissed for a delay in filing of the transcript only if the delay was unreasonable *and* inexcusable in that it was caused by the appellant. *Alpha Balanced Fund*, 342 Ga. App. at 95. Hence, because we concluded supra in Division 1 that the trial court did not err in finding that the delay in this case was excusable and not caused by Dennis, we need not address issues pertaining to whether the delay was unreasonable.